[Peterson v. The State.]

# Peterson v. The State.

### Indictment for Carrying Concealed Weapons.

1. *Admission as to testimony of absent witnesses.*—On application for a continuance in a criminal case by the defendant, on account of the absence of material witnesses, the court may, in its discretion, require the State to admit the truth of the facts proposed to be proved by the absent witnesses, or simply to admit that the witnesses, if present, would testify to the facts as stated ; but, whether the admission be in either form, it is equally conclusive for the purposes of the trial.

·2. *Same.*—If one of the absent witnesses should come into court, and be examined during the trial, a contradiction, or inconsistency, between his testimony and the admission as to what his testimony would be, is immaterial, and cannot be considered by the jury in determining the effect of the admission as to the testimony of the other absent witnesses.

FROM the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The defendant in this case was indicted for carrying concealed weapons. On his trial, as appears from the bill of exceptions, the State introduced as witnesses two police officers of the city of Montgomery, who testified, in substance, that the defendant was arrested for disorderly conduct on a day named, and carried to the head-quarters of the police ; and that, on searching him, they found a pistol concealed about his person, being carried in a belt around his waist, under his coat and vest. The defendant then offered in evidence an admission by the State as to the testimony of several absent witnesses, on account of whose absence the defendant had asked a continuance, stating in his affidavit what he expected to prove by them ; "which was admitted by the State, to the effect that said witnesses, if they were present in court, would testify to the matters therein set forth." The substance of the testimony of these witnesses, as stated in the affidavit, was to the effect that, a short time before the defendant's arrest on the occasion mentioned, they had heard threats made against him by certain persons, with whom he had had some trouble, caused by their disorderly conduct at a church meeting, had communicated these threats to the defendant, and saw him carrying his pistol openly and unconcealed at the time of his arrest by the police officer. One of these witnesses was named Harriet Reddick, who appeared in court during the trial, " after said showing was made," and testified that, on the day mentioned, she saw the

defendant about the middle of the day, with the pistol belted around, displaying the handle, but that she did not see him at the time of his arrest; also, to the threats, &c., as stated in the affidavit. In reference to this inconsistency in the testimony, the court charged the jury as follows : "If the jury find that a material part of the defendant's affidavit, in evidence in this case, has been contradicted by one of the witnesses named in said affidavit, then the jury may look at this contradiction, in connection with all the evidence in the case, as to whether or not they will give credence to any portion of said affidavit." To this charge, with others, the defendant excepted.

J. GINDRAT WINTER, for the defendant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The continuance of causes, civil or criminal, rests in the sound discretion of the primary court, and its action will not be revised on error. When, without laches on his part, the defendant in a criminal case is not prepared for trial, because of the absence of witnesses, the practice has been, if there is no reason to suspect that delay is the object, on an affidavit of the facts, which discloses the materiality of the evidence, to grant a continuance, or to put the State on an admission of its truth, or an admission that the witnesses, if personally present, would testify to the facts stated. The court, in its discretion, may adopt either course, as the particular circumstances may disclose that the one or the other is the more promotive of the ends of justice. If an admission of the truth of the evidence is made, no evidence in contradiction of it can be received. But if, as in the present case, the admission is simply that, if the witnesses were personally present, they would testify to the facts stated, evidence in contradiction must be received. The affidavit of the facts the witnesses would prove, stands in the place, and is the substitute for the oral testimony, the witnesses would give if personally present. The witness being personally present, the evidence given by him would be subject to contradiction, and the substitute for that evidence is equally open to contradiction, unless the State has been compelled to an absolute, unqualified admission of its truth.—*Starr v. The State*, 25 Ala. 49 ; *Olds v. Commonwealth*, 3 A. K. Marsh. 467.

But it is the evidence of the witnesses, and not the truth of the affidavit, that if personally present they would testify as stated, which is open to contradiction. The State admits

conclusively the truth of the affidavit—admits conclusively, that the witnesses, if present, would give the evidence; and whether they would give it or not, can never become an inquiry for the jury. The City Court manifestly erred, in instructing the jury that, if a material part of the affidavit for a continuance had been contradicted by one of the witnesses named in it, they could look to such contradiction, in determining whether they would credit any part of it. The State had admitted the witnesses would testify as stated in the affidavit; and whether the admission was true in fact, or not, the jury could not inquire. Its force and effect as to the absent witnesses could not be lessened or qualified, because, during the progress of the trial, one of these witnesses appeared, and did not give the evidence supposed. The only effect of his appearance and testifying was to blot out the admission as to his evidence, leaving it of full force as to the witnesses who did not appear. The inconsistency of the evidence it is admitted the absent witnesses would give, with the other evidence in the cause, is a fact which the jury may consider in determining its credibility and weight; as the inconsistency of the other evidence with that of the absent witnesses is to be considered, in determining its credibility and weight. To avoid a continuance, the State voluntarily admitted, that the absent witnesses, if personally present, would testify to the facts stated; and that admission was binding upon it, throughout the progress of the trial.

This error compels a reversal of the judgment. It is not necessary to discuss the other instructions to which exceptions were reserved.

Reversed and remanded. The prisoner will remain in custody, until discharged by due course of law.