# Ryan *v.* Beard's Heirs.

## *Statutory Real Action in nature of Ejectment.*

1. *Admission as to testimony of absent witness.*—An admission, made for the purpose of preventing a continuance, that an absent witness would, if present, testify as set forth in the affidavit submitted, is not an admission of his competency, nor of the relevancy of the facts as evidence; nor is it admissible, for any purpose, on a trial at a subsequent term, although the witness has since died.

2. *Decree in chancery cause; effect as against third person, not party to suit.*—A decree in a chancery cause, under a bill filed by trustees for directions as to the rights of the parties claiming under the deed, and for a settlement of the trust, vesting in one of the claimants all the right and title of the grantor at the time the deed was executed, does not

affect the claim or title of a third person, who was not a party to the suit, and who does not claim under the deed.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. LEROY F. BOX.

This action was brought by Samuel F. Ryan, against Arthur C. Beard and Columbus Kilpatrick, to recover the possession of a tract of land, with damages for its detention ; and was commenced on the 18th December, 1876. Beard died pending the suit, and it was thereupon revived against his heirs and personal representative, Kilpatrick being in possession as the tenant of Beard. The land sued for was described in the complaint as " the north-west part (B) of fractional section seventeen (17), township seven (7), range four (4), east, containing seventy-nine (79) acres, more or less." The defendants pleaded the statutes of limitation of ten and twenty years, and adverse possession for three years, with a suggestion of the erection of valuable improvements ; and the cause was tried a second time on issue joined on these pleas, as on the former trial shown by the report of the case when before this court during its December term, 1880.—*Ryan v. Kilpatrick*, 66 Ala. 332–38.

The plaintiff claimed the land as a part of the plantation which, with slaves and other property, was conveyed by one Gabriel M. Moore, by deed dated March 9th, 1850, to P. M. Bush and Samuel Finley as trustees, in trust for the support and maintenance of himself and his family, which then consisted of his wife and one child, during the joint lives of himself and wife ; with a further provision, that, on his death, "the trust estate hereby created is to be distributed among the children of the said Gabriel and the said Joanna [his wife] according to the provisions of the statutes of descent and distribution of the State of Alabama now in force." The lands conveyed by the deed were therein thus described : · "Those certain tracts or parcels of land lying and being in said county of Marshall, purchased by him of William Robinson and P. M. Bush, and comprising the plantation on which the said Gabriel now resides, and containing about ten hundred and thirty-five acres." On the trial, as the bill of exceptions states, the plaintiff read this deed in evidence, " and then introduced, without objection, oral evidence tending to show that the land sued for is embraced in the body of land described in said deed, and that said trustees, Bush and Finley, held said land in connection with, and as part of the lands described in said deed." The defendants contended that the land was not embraced in the tract conveyed by said deed, and they claimed it under a purchase by Arthur C. Beard from Hardy H. Moore, who was the brother of said Gabriel M. Moore, and of Beard's wife ; their evidence

tending to show that Hardy H. Moore held under a patent from the United States, issued in 1831, and sold to Beard prior to 1835.

"It was proved that said Gabriel M. Moore died in January, 1852, leaving his widow, Mrs. Joanna Moore, and two infant children, Mary and William P.; that Mrs. Joanna Moore, in 1854, married one John Ryan, by whom she afterwards had one child, the plaintiff in this suit; that said Mary died a short time after the birth of said plaintiff, and said William P. died a short time afterwards, before the death of his mother, said Joanna, who died in October, 1857." The plaintiff proved, also, that in February, 1857, after the death of said Mary and William P. Moore, " the trustees in the deed of trust filed their bill in the Chancery Court of Marshall, to obtain a judicial construction of said trust deed, and for a settlement of their said trust." The bill is here set out in the bill of exceptions, without other reference to it, and is followed by the several decrees rendered in the cause. Mrs. Joanna Ryan (formerly Moore), the plaintiff in this suit, and the personal representative of the two deceased children, Mary and William P. Moore, are made defendants to the bill; and its prayer is, that the conflicting interests of the defendants, and particularly of the plaintiff and his mother, in and to the real and personal property conveyed by the deed, may be ascertained and declared by the decree of the court. At the June term, 1857, the chancellor rendered a decree, declaring that, under the provisions of the deed, and on the facts stated, one-third of the property conveyed by the deed, real and personal, was vested absolutely in Mrs. Joanna Ryan, and two-thirds of the real property was vested in Samuel F. Ryan, the plaintiff in this suit; but, by a subsequent decree, rendered as of the November term, 1857, after the death of Mrs. Ryan, it was declared that her interest was only a life-estate in the lands, and that the entire interest became vested in Samuel F. Ryan on her death. These decrees are set out in the bill of exceptions, but it is not stated that they were offered or read in evidence by the plaintiff.

" The defendants then offered in evidence a written statement, which had been prepared and used in evidence on the trial of said cause in January, 1879, which was so prepared and used as evidence on said former trial as an admission on the part of the plaintiff as to facts which would have been deposed to by said P. M. Bush, an absent witness, if he had been present at said former trial; and proved that said Bush, since said former trial, had died; and offered said statement as an admission by plaintiff as to the evidence of said Bush in regard to the matters and things set out in said statement." It was stated in this affidavit, among other things, that said Bush would, if

present, testify that the land sued for was not embraced in the tract conveyed by Gabriel M. Moore to Finley and Bush as trustees, and was never claimed or occupied by them as trustees ; that it had belonged to Hardy H. Moore, who sold it to said Arthur C. Beard ; and that he had rented it from Beard, and occupied it several years as his tenant. The plaintiff objected to the admission of this statement as evidence, and reserved an exception to the overruling of his objection.

The plaintiff asked the following charges, which were in writing, and which the court refused to give : 1. " Said chancery decree divested the legal title to the lands described in said deed of trust to Finley and Bush, out of said trustees, and vested the legal title thereto in said plaintiff, from the date of said decree." 2. " The decree of the Chancery Court, read in evidence in this cause, fixed the legal title of the lands described in said deed to Finley and Bush, in the plaintiff in this suit, and that the possession of said land after the date or rendition of said decree, by John Ryan or any other person, was in law the possession of said plaintiff during his infancy." The plaintiff excepted to the refusal of each of these charges, and he now assigns their refusal as error, together with the rulings of the court on the evidence to which he reserved exceptions.

ROBINSON & BROWN, and J. H. NORWOOD, for appellant.

CABANISS & WARD, contra.

STONE, J.—At a former term of the court, defendants submitted an affidavit for a continuance, in which they set forth what they expected to prove by Bush, an absent witness, who had been summoned, but did not attend. For the purpose of obtaining a trial, plaintiff's counsel admitted that the witness, if present, would testify as therein set forth.—Rule of Practice in Circuit Courts, No. 16 ; Code, p. 160. Such admission is not an admission that the statements therein set forth are true, nor is it an agreed state of facts. The party making such admission is not even held to admit either the competency of the witness, or of the testimony. It is an admission he would so testify, and this the party admitting will not be allowed to controvert. He may, however, object to the competency of the witness, and to the legality of the evidence, or any part of it. So, he may disprove the facts the admitted testimony tends to prove. When such admitted affidavit is used on the trial, to prevent the delay of which the admission is made,—or if a continuance is otherwise had,—it can in no case be used in a subsequent trial, without the consent of opposing counsel. Its

whole power and efficacy expire with the term at which it is given—with the trial it is intended to accelerate.—*M. & W. Plank-Road Co. v. Webb*, 27 Ala. 618; *Peterson v. The State*, 63 Ala. 113. This is not the case of proving what a deceased witness swore on a former trial.—1 Greenl. Ev. §§ 163 *et seq.* The Circuit Court erred in allowing the affidavit to be read as evidence, against the objection of plaintiff.

The chancery decree certainly vested in Samuel F. Ryan all the title, legal or equitable, which G. M. Moore had in the lands in controversy, at the time the deed was executed. Whether he had any title, or ever owned the lands in suit, was one of the controverted issues in the court below. Neither of the charges asked should have been given; for each asked the court to charge the jury, as matter of law, that the chancery decree vested the legal title to the lands in controversy in Samuel F. Ryan. Beard was not a party to the chancery suit, and any claim or title he may have had, was unaffected by that proceeding.— *Walker v. Elledge*, 65 Ala. 51.

The facts presented by this record are different from those shown on the former trial.—*Ryan v. Kilpatrick*, 66 Ala. 332. As the case now appears, the most material subjects of inquiry are, whether the land in controversy is embraced in the deed of G. M. Moore to Bush and Finley, trustees, and whether the possession of the premises was taken and held under that deed, or was in Arthur Beard.

Reversed and remanded.