## JAMES F. AUSTIN *vs.* FITCHBURG RAILROAD COMPANY.

Suffolk.　November 8, 1898. — January 13, 1899.

Present: FIELD, C. J., HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Railroad — Due Care — Assumption of Risk — Law and Fact — Negligence.*

If a brakeman in the employ of a railroad corporation is ordered to couple to a train a flat car loaded with stones which lay on the floor of the car unsecured with cleats, stakes, or blocking, as was customary, and while so coupling it is injured by having his arm caught by one of the stones which was forced over the edge of the car by the concussion caused by the cars coming together, in an action for his injury it cannot be held, as matter of law, that he was negligent in failing to observe that the stones were unsecured, or that the risk was so obvious that he assumed it, but these questions are for the jury, who will be warranted in finding that he was in the exercise of due care.

Where a railroad corporation has in its possession for nearly a week a flat càr, origi-

nally loaded with stones by it, and then orders the car to be coupled to a freight train for transportation to a point farther along upon its road, if the stones are not secured with cleats, stakes, or blocking, as was customary, and a brakeman in its employ while coupling the car is injured by having his arm caught by one of the stones which was forced over the edge of the car by the concussion caused by the cars coming together, in an action for the injury, the jury are warranted in finding that the corporation was negligent in furnishing for transportation a car loaded in a dangerous manner.

TORT, for personal injuries sustained by the plaintiff while in the defendant's employ as a brakeman. The declaration contained two counts; one under the employers' liability act, St. 1887, c. 270, and the other at common law. Trial in the Superior Court, before *Sherman, J.*, who ruled that the plaintiff could not recover, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. It was agreed that, if the ruling and direction were right, judgment was to be entered for the defendant; if wrong, and the exceptions were sustained, judgment was to be entered for the plaintiff in the sum of $4,000. The facts appear in the opinion.

*F. S. Hesseltine*, for the plaintiff.

*G. A. Torrey*, for the defendant.

MORTON, J. There are two counts in the declaration, — the first under the employers' liability act, and the second at common law. The first count alleges that, while he was in the exercise of due care, the plaintiff " was severely injured by a large stone improperly placed on a freight car and in a dangerous condition by reason of the negligence of said corporation or of some person in the service of said corporation intrusted with and exercising superintendence, whose sole and principal duty was that of superintendence." The second count alleges that the plaintiff, being in the exercise of due care, was injured " by reason of the negligence of said defendant corporation in providing an improper, unsafe, and dangerous car for the transportation of stone, and by improperly loading said car."

We think that there was evidence which would have warranted the jury in finding that the plaintiff was in the exercise of due care. He was ordered by the conductor to couple the car to a train about to leave East Deerfield for Athol. The car was a flat car loaded with stone. The stone lay on the floor of the car, unsecured with cleats, stakes, or blocking, as was customary.

The plaintiff got down from a box car and went forward, took the link with his right hand and held it ready to put in the pin. He did not notice how the stones were loaded, or whether they were secured. The concussion caused by the cars coming together forced one of the stones over the edge of the car, and it caught and crushed the plaintiff's arm. Evidently the plaintiff's attention was directed to making the coupling, and it cannot be held, as matter of law, that he was negligent in failing to observe that the stones were unsecured. Whether he should have done so under the circumstances was a question for the jury. *Snow* v. *Housatonic Railroad*, 8 Allen, 441. *Hannah* v. *Connecticut River Railroad*, 154 Mass. 529. *Steffe* v. *Old Colony Railroad*, 156 Mass. 262.

What he would have done if he had noticed the want of cleats or stakes was of no consequence. The question was whether, in the exercise of due care, he ought to have noticed that there were none. Neither do we think that the risk was so obvious or so incidental to his employment that he must be held, as matter of law, to have assumed it. There was evidence, as already observed, that it was customary to secure such stones with stakes and cleats or blocking. The rules of the road also required them to be secured. If the plaintiff had not a right to assume that the stones were properly secured, it was at least a question for the jury whether the chances that they might not be secured were so obvious as to constitute one of the risks which he assumed.

We think also that there was evidence on which the jury properly could have found that the defendant was negligent in furnishing for transportation a car that was loaded in a dangerous and insecure manner. There was evidence that the car was loaded at Fitchburg by the defendant corporation. It does not distinctly appear whether it was in the same condition when received at East Deerfield and when it was coupled to the train for Athol in which it was when loaded at Fitchburg and when it arrived at East Deerfield. But there was evidence tending to show that it arrived at East Deerfield on May 1, and remained there till May 7, when it was coupled to the train for Athol. If the stones had been properly secured, and the cleats or blocking had been removed shortly before the coupling preparatory to unloading the car a short distance away, it was within the

defendant's power to produce evidence of those facts. It did not do so. The car was in its possession, had been loaded by it, was being coupled, as the jury might have found, at the time of the plaintiff's injury, to a freight train of the defendant for transportation to a point farther along upon its road, and the stones were then in unsecure positions upon the car. We think that it would have been competent for the jury to find that the car had been some days at least in an unsafe condition for transportation, and that the defendant knew or ought to have known of its condition, and was negligent by reason of furnishing a car which, on account of being improperly loaded, was unsafe for the plaintiff to work upon. It does not appear whether materials for securing the stones were furnished by the defendant corporation. Inasmuch as the car was loaded by it, and the stones were being transported by it to build a bridge which it was building at Turner's Falls Junction, the jury would have been warranted in finding, if that was material, that it was its duty to furnish suitable material for securing the stones.

It is not necessary to consider whether there was negligence on the part of some person intrusted with and exercising superintendence. See *Donahoe* v. *Old Colony Railroad,* 153 Mass. 356; *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532; *Fairman* v. *Boston & Albany Railroad,* 169 Mass. 170.

The result is, that the exceptions must be sustained, and, according to the agreement, judgment is to be entered for the plaintiff for four thousand dollars.

*So ordered.*