# Chamberlain *v.* Southern Ry. Co.

### *Damages for Death of Employe.*

(Decided Jan. 18, 1909.   Rehearing denied Feb. 16, 1909.
48 South. 703.)

1. *Master and Servant; Injuries to Servant; Common Law Duty of Master.*—At common law, the master was charged with the non delegable duties to furnish proper machinery and materials for the work, to employ competent servants only, and to make proper rule and establish proper methods of work.

2. *Same; Railroad; Loading Cars.*—A railroad company is bound to a reasonable care in the proper loading of its cars so as not to cause injury to its servants.

3. *Same; Negligence; Burden of Proof.*—The burden is on the servant to establish the master's negligence, in an action by the servant against the master for injuries to him.

4. *Same; Negligence; Res Ipsa Loquitur.*—The evidence in this case stated and examined and held sufficient to establish a prima facie case of negligence on the part of the railroad under the doctrine of res ipsa loquitur.

5. *Same; Negligence of President or Directors.*—Where the action is against a railroad for damages for death of an employe, and the action is in case and not in trespass. it is not essential to plaintiff's right of recovery to show that the president or board of directors of the railroad actually participated in the damnifying act.

(Dowdell, C. J., Simpson and Sayre, JJ., dissent.)

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Bart B. Chamberlain, administrator, against the Southern Railway Company, for the death of his intestate. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint contains several counts, all of which were eliminated by demurrer, except the second count, which, as last amended, is as follows: "Plaintiff claims of defendant $5,000 damages, for that on the 13th day of October, 1906, the defendant was then and there a public common carrier, and operating a railroad in the city of Mobile, which ran to other points without the city of Mobile, and plaintiff's intestate, Major Brown, was then and there a laborer in the service of defendant's company; that while said Major Brown was in the employment of defendant, and as a part of the duties thereof, he was put to work to unloading a cereain box car for the defendant in the city of Mobile, loaded with bales of cotton, and pursuant to said work he was instructed to open a sliding side door of said box car, and while in the act of so opening the same, and before he could get away from the place where the said act of opening occurred, a bale of cotton of large weight, to wit, approximately 500 pounds, fell out of said car upon him, and mashed and crushed him so that his death was caused thereby; that it was the duty of the defendant company to exercise reasonable care to so load or cause to be loaded the bales of cotton in said box car that, when the door was open, said cotton would not fall out

of said car and injure any employe opening said door, but defendant negligently violated said duty, and as a proximate result thereof the said Major Brown was crushed by said falling cotton bale and killed."

It was dmitted that plaintiff's decedent was killed by a falling cotton bale while engaged in the services of defendant. The evidence for the plaintiff further tended to show the nature of the injuries received from which the death resulted. The evidence further tended to show that, when Brown was killed, he and John Friend were opening a car; that the instruction for opening the car came from Mr. Thomas, who was in the employment of the defendant company, and was boss over the men, and that the order from him was to open the car—to shove open the door; that when the door was shoved open Friend stepped back a little, but that Brown was right in front of the door, and as he stepped on the platform the bale came right over and caught him, crushing him. Brown had just started to work for the defendant that morning, while Friend had been working for about a year. The car was loaded with cotton, two bales deep, one bale setting on the end on top of another. The bale did not fall as soon as the door was held open, but fell as Brown turned around to step on the platform. This all happened in the city of Mobile on the premises of the defendant. It was further shown that there was a spring in the middle of the doors which released the doors of the car, and as the door passed open the bale tilted and fell out. It was further shown that nobody pulled the bale of cotton to give it a start; that the bales of cotton were not pinned or tied together, or fixed in any way; and that there were no boards nailed across the door to prevent them from falling out, nor was there any other precaution taken to prevent the same. On motion of the defendant

the court excluded all the evidence offered by the plaintiff on the ground that it failed to make out a case under the second count.

R. W. Stoutz, and Roach & Chamberlain, for appellant. There is no merit in the appellee's motion to strike the bill of exception.—Section 3107, Code 1907; *Downs v. Minchew*, 30 Ala. 86, and cases there cited; *Douglass v. M. & P. W. R. R. Co.*, 37 Ala. 640. The court erred in sustaining demurrers to the complaint as originally filed.—*N. Ala. Ry. Co. v. Mansell*, 138 Ala. 549; *Ga. Pac. v. Davis*, 92 Ala. 300; *N. Ala. Ry. Co. v. Shea*, 142 Ala. 119; *U. P. v. Snyder*, 152 U. S. 684; 26 Cyc. 1125. The exact question of the duty of the railroad company to load its cars safely or provide an inspection designated to safeguard employes whose duty brings them in contact with loaded cars, is settled.— *Lucas v. Southern Ry. Co.*, 57 S. E. 1041; 54 Kan. 21; 37 N. E. 43; 34 S. W. 595; 29 C. C. A. 374; 52 N. E. 527; 12 L. R. A. 454 The court also erred in sustaining demurrers to the third, fourth, fifth and sixth counts of the complaint.—*Reiter-Connelly Co. v. Hamlin*, 144 Ala. 192; *Sloss-Sheffield S. & I. Co. v. Holloway*, 144 Ala. 280, and authorities there cited; *L. & N. v. Jones*, 130 Ala. 456; *Ill. Car Co. v. Walsh*, 132 Ala. 490; *Southern Car Co. v. Bartlett*, 137 Ala. 240. The amendments were within the lis pendens and were not barred.—*A. G. S. v. Chapman*, 83 Ala. 453; *A. G. S. v. Arnold*, 80 Ala. 604; *L. & N. v. Woods*, 105 Ala. 561; *R. R. Co. v. Campson*, 112 Ala. 425; *L. & N. v. Robinson*, 141 Ala. 325. This question cannot be presented by demurrer, but must be raised by plea or motion.—*Springfield F. M. I. Co. v. DeJarnette*, 111 Ala. 248; *Turner v. Roundtree*, 30 Ala. 706. The court erred in sustaining demurrers to the 7th count originally and as amended, to the eighth, orig-

inally and as amended, to the 9th, 10th and 11th.—
*Ford v. L. S. & M. S. R. R. Co.*, 124 N. Y. 493; *L. & N.
v. York*, 128 Ala. 305; *Lucas v. Southern Ry. Co. supra;
Crawford v. United Ry.*, 70 L. R. A. 489; *Sloss Steel &
I. Co. v. Tillson*, 141 Ala. 152; *Southern Car & Foundry
Co. v. Jennings*, 137 Ala. 255; *Jackson L. Co. v. Cunningham*, 141 Ala. 206. The failure to prove the allegation of want of care was not fatal.—*Rogers v. De-
Bardelaben C. & I. Co.*, 97 Ala. 155; Ency of Evi. 800.
Especially, is this true when the fact is peculiarly within the knowledge of the adversary party.—*Loeb v. Huddleston*, 105 Ala. 357; *Rogers v. DeBardelaben, supra.*

BESTOR, BESTOR & YOUNG, for appellee. Counsel insist that the rulings of the court on the pleading cannot be considered and moved to strike the assignments of error based thereon. They cite.—Section 3017, Code 1907; *Mathis v. Oates*, 57 Ala. 112; *Perry v. Dana*, 74 Ala. 485; *Sands v. Hickey*, 135 Ala. 325; *Laster v. Blackwell*, 128 Ala. 145; 21 A. & E. Ency of Law, 547; *Hurst, et al. v. Bell & Co.*, 72 Ala. 339.

ANDERSON, J.—Under the common law the master is responsible for his own negligence and want of care and this may appear from his failure to furnish proper machinery and materials for the work, or from the employment of incompetent servants, or from a failure to make proper rules or establish a proper method for the conduct of his business. As to such acts the agent occupies the master's place, and the latter is deemed present and liable for the manner in which they are performed. —*Ford v. Lake Shore R. R.*, 124 N. Y. 493, 26 N. E. 1101, 12 L. R. A. 454. "It is the duty of a railroad company to use reasonable care to see that its cars are properly loaded, so as not to cause injury to its servants."—

26 Cyc. 1124; *Austin v. Fitchburg R. R.*, 172 Mass. 484, 52 N. E. 527; *George v. Clark*, 85 Fed. 608, 29 C. C. A. 374; *McCray v. G. H. & L. R. R.*, 89 Tex. 168, 34 S. W. 95.

The gravamen of the second count of the complaint is the negligent failure of the defendant to load or cause to be loaded the car in question. There was no direct proof that the defendant caused the car to be loaded, but the evidence afforded an inference from which the jury could find a responsibility for the loading. Nor was there any proof of negligence, apart from what might be reasonably presumed by the jury from the circumstances connected with and surrounding the injury; and this case, therefore, presents for consideration the maxim: "Res ipsa loquitur." The affair speaks for itself. The burden of proof rests on the plaintiff upon the issue of negligence; and it is a general rule that, when a servant sues his master or employer for damages arising from injuries caused by the negligence of the latter, the plaintiff must prove the negligence of the defendant, and the proof of the accident and injury alone will not be sufficient to establish negligence. However, it is well settled that the circumstances attending the injury may be sufficient to establish negligence, without any direct proof thereof.—*Western Steel Co. v. Cunningham*, 158 Ala. 369, 48 South. 109; *Tenn. Co. v. Hayes*, 97 Ala. 201, 12 South. 98; *McCray's Case, supra.* We think the circumstances shown, in connection with the injury and accident, in the case at bar, were such as to authorize the jury to draw an inference of negligence on the part of the defendant in and about loading the car. The car was in the possession of the defendant, and was being unloaded on its track by the direction of its agent. If it had nothing to do with the loading, or was not otherwise

responsible for same, or the injury was proximately caused by the negligence of the plaintiff's fellow servant, rather than from an imperfect system or custom of the defendant as to loading cars, then these facts were peculiarly within the defendant's power of production.—*Austin v. Fitchburg, supra.*

The trial court erred in excluding the plaintiff's evidence, upon the assumption that he did not make out a case for the jury. It is intimated in brief of counsel that the trial court proceeded upon the theory that the president or board of directors were not shown to have actually participated in the damnifying act as required in the case of *City Delivery Co. v. Henry*, 139 Ala. 161, 34 South. 389. The second count, in the case at bar, is unlike the ones to which the rule was applied in the foregoing case. The counts in said case charged a direct corporate trespass, while the count here is in case.

The judgment of nonsuit is set aside, and the judgment rendered against the plaintiff for cost is reversed, and the cause is remanded.

Reversed and remanded.

DENSON, McCLELLAN, and MAYFIELD, JJ., concur.

## On Rehearing.

ANDERSON, J.—This application was considered after Justice HARALSON, one of the concurring justices, had vacated the bench. The writer, with Justices DENSON, McCLELLAN, and MAYFIELD, are of the opinion that the opinion is correct, and that the application should be overruled, which is accordingly done.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., are of the opinion that the proof did not make out a prima facie case, and that the action of the trial court in excluding same should not be reversed, and think that the application for rehearing should be granted, and the case affirmed.