# Sloss-Sheffield Steel & Iron Company *v.* Triplett.

*Damage for Injury to Servant.*

(Decided January 16, 1912. Rehearing denied February 22, 1912. 58 South. 108.)

1. *Master and Servant; Place to Work; Duty.*—The duty of a master to furnish a servant a reasonably safe place in which to work is not an unqualified duty, but is met by the exercise of reasonable care and skill to furnish a reasonably safe place.

2. *Pleading; Demurrer; Specifying Objection.*—Although a pleading would be demurrable if its defects were pointed out, this court cannot consider grounds of demurrer fatal to the complaint or pleading where such grounds do not point out the defect therein.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by J. C. Triplett against the Sloss-Sheffield Steel & Iron Company, for damages for injury, while engaged in its employment. The original appeal was to the Court of Appeals, and under the statute made and provided in such cases, the court of Appeals certified to this court the question as to whether count 4 of the complaint was subject to the demurrers interposed.—See 4 Ala. App. 323, 58 South. 109.

Count 4 is as follows: "Plaintiff claims of defendant $5,000 as damages, for this: That heretofore, to wit, on the 7th day of January, 1910, the defendant

was engaged in the following business in Jefferson county, Alabama, viz., the operation of a coal mine, and the plaintiff was in the service of the defendant in the following capacity, to wit, as a track man; and the plaintiff avers that it was the duty of the defendant to furnish him with a reasonably safe place in which to work and perform his duties; and he avers that among other duties with which he was charged in such service or employment he had to go or work around the track of defendant on which tram cars were run to and from its tipple; and the plaintiff avers that the defendant negligently failed to furnish him with a reasonably safe place in which to work, and that while in the discharge of his said duties, as aforesaid, owing to the defendant's negligent failure and breach of duty, as aforesaid, he was injured. [Here follows catalogue of injuries.] Which said wounds and injuries were the proximate consequence and caused by reason of the negligent failure of the defendant, as aforesaid."

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. Count 13 in the case of *Merriwether v. Sayre M. & M. Co.*, 161 Ala. 442, was defective as pointed out in that case, and count 4 in the case at bar has the same defects which are pointed out by the demurrer. Count 4 is unlike that construed in the case of *Smith v. Watkins, et al.*, 55 South. 611.

GASTON & PETTUS, for appellee. It is fundamental under our system that although a count in a complaint may be defective, yet if the defect is not pointed out by the grounds of demurrer assigned to it, this court will not hold it subject to demurrer, the rule being that the burden is on the demurrant to point out defects.

The demurrer here did not point out the defects insisted on, and hence, appellant has nothing of which he can complain.—*Smith v. Watkins,* 55 South. 611.

SIMPSON, J.—This case is referred to this court by the Court of Appeals to decide whether or not count 4 of the complaint is subject to the demurrer interposed to the same. As shown by the record and reference, said count alleges that "it was the duty of the defendant to furnish him with a reasonable safe place in which to work and perform his duties." Under the decisions of this court, the expression quoted does not correctly state the law, as the duty to afford the servant a reasonably safe place in which to work is not unqualified."—*Meriweather v. Sayre Mining & Manufacturing Co.,* 161 Ala. 442, 49 South. 916, 920; *Huyck v. McNerney,* 163 Ala. 244, 50 South. 926.

The case of *Smith v. Watkins & Donelson,* 172 Ala. 502, 55 South. 611, draws the distinction between the count in this case and one which does not contain any such statement as to the duty of the master. However, neither of the causes of demurrer assigned points out the defect in count 4. Consequently the count was not subject to the demurrer. All the Justices concur, save DOWDELL, C. J., not sitting.

ON APPLICATION FOR REHEARING.

The court adheres to its former ruling in this case. The decision of this court that count 13 in the case of *Merriweather v. Sayre Mining and Manufacturing Company,* 161 Ala. 441; 49 South. 916, was demurrable was that in using the words "as was his duty to do" the pleader asserted that it was the absolute duty of the defendant to furnish a reasonably safe place,

instead of alleging his duty to be to use reasonable care and skill to furnish a reasonably safe place. In the subsequent case of *Smith v. Watkins & Donelson,* 172 Ala. 502, 55 South. 611, the allegation was simply "that the defendant negligently failed to provide the plaintiff with a reasonably safe place for him to perform the duties of his employment," and the court held that the word "negligently" was the equivalent of the averment "that he failed to exercise reasonable skill and care," etc., differentiating the count from that in the *Merriweather Case,* in that in said last case there was no averment of the absolute duty.

Count 4 in the present case is defective (according to the *Merriweather Case*) in alleging that "it was the duty of the defendant to furnish him with a reasonably safe place," etc.; but neither of the causes of demurrer points out that defect.

Appellant insists that cause 8½ points out the defect, but that cause avers the negative, that "it is not averred therein that defendant negligently failed to use reasonable care to provide a reasonably safe place," which is not the same as would have been an allegation of the positive defect in alleging "that it was the duty of the defendant to furnish him with a reasonably safe place," etc. All the Justices concur.