# Walker *v.* Woodward Iron Co.

*Damage for Injury to Servant.*

(Decided June 6, 1912. Rehearing denied June 29, 1912.
59 South. 503.)

*Master and Servant; Injury to Servant; Negligence; Jury Question.*—Under the evidence in this case it was a question for the jury to determine whether the injury resulted from the alleged negligence of the foreman of defendant in causing the crane to be moved, and as to whether plaintiff was guilty of contributory negligence.

(Simpson, Mayfield and Sayre, JJ., dissent.)

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Tillman C. Walker against the Woodward Iron Company for damages for injuries received while in its employment. Judgment for defendant and plaintiff appeals. Reversed and remanded.

[Walker v. Woodward Iron Co.]

HARSH, BEDDOW & FITTS, for appellant. The servant may rely upon the superior knowledge, skill and prudence of the superintendent who is placed over him, and when commanded to come it was his duty to do so, relying upon the prudence and fidelity to duty on the part of the man who gave the command.—*Haynie v. T. C. I. & R. R. Co.*, 99 C. C. A. 71; *Republic I. & S. Co. v. Williams*, 168 Ala. 612; *St. L. & S. F. R. R. Co. v. Brantley*, 168 Ala. 580; *Bessemer L. & I. Co. v. Campbell*, 121 Ala. 50; *Sloss-S. S. & I. Co. v. Green*, 159 Ala. 182; *Robinson M. Co. v. Tolbrt*, 132 Ala. 463; *T. C. I. & R. R. Co. v. George*, 161 Ala. 421. Under these authorities, the court was in error in charging affirmatively for defendant, as there was evidence of negligence which should have carried these counts to the jury.

CABANISS & BOWIE, for appellee. A safe place is a relative term merely when used in this connection.—96 Wis. 170; 76 Am. St. Rep. 222. The court properly ruled in charging the jury to find for defendant.—*Walton v. T. C. I. & R. R. Co.*, 52 South. 328.

MAYFIELD, J.—A majority of the court are of the opinion that the jury could infer negligence on the part of Johnson in causing Atkins to move the crane by saying: "All right; that they were in the clear." It is true the witness said he did not know which one said this, Walker or Johnson; but Walker testified that he did not give the order or instruction, and the jury could infer that Johnson was the man who said: "All right; that they were in the clear." It was also a question for the jury as to whether or not this order caused Atkins to move the crane, as he said he proceeded to move the crane immediately after hearing this order. It was therefore a question for the jury as to whether or not

the plaintiff proved the negligence charged in the first count of the complaint, and the trial court erred in giving the general charge for the defendant. It was also a question for the jury as to whether or not the plaintiff was guilty of contributory negligence.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, McCLELLAN, and SOMERVILLE, JJ., concur.

MAYFIELD, J.—The dissenting views of the writer, which are concurred in by Justices SIMPSON and SAYRE, may be stated as follows:

The trial court properly instructed the jury to find a verdict for defendant. The burden of proof was upon plaintiff to show actionable negligence as alleged, which he wholly failed to do. The defendant offered no proof, because the plaintiff had failed to make out a prima facie case. There was an utter failure to prove either count of the complaint. The plaintiff and one other witness testified. While there was some conflict in their testimony, that of either separately, or of both together, failed to make out the case.

The first count sought to recover under the second subdivision of the Employer's Liability Act (Code 1907, § 3910), and relied upon the negligence of one Johnson, as superintendent. There was no proof of any negligence on his part, as alleged, or otherwise.

The second count relied upon the negligence of a superintendent, whose name was unknown. The plaintiff himself testified that he knew the names of all the persons present, or who had any connection with his injury. Moreover, there was no evidence which would fix liability on the defendant under this count.

[Walker v. Woodward Iron Co.]

The third count proceeded upon the theory of a defect in the ways, works, mechinery, etc.

The fourth count was for failure to furnish a safe place in which to work.

There was no attempt to prove a case under either of these counts. A "safe place," as the term is used in speaking of the master's duty to the servant, is of relative signification. It does not mean a place at which no injury could possibly befall the servant. If the master furnishes the servant a place in which to work, as safe and free from danger as those which other masters of ordinary care furnish their servants engaged in like business and under like circumstances, he meets the requirements of his legal duty. The duty is limited to the care necessary to have the place reasonably safe for the purposes for which it was designed.

The place in question—an electric crane 30 feet from the ground—is not as safe a place as that of a clerk in a store, or that of a bookkeeper in a bank, or that of an ordinary laborer; but it is not a "dangerous place" in such sense as to make the master liable if the servant is injured. There was no evidence tending to show that the electric crane in question was defective, or that the place at which plaintiff was at work was any more dangerous than similar places of like business conducted under like conditions.

The fact that a servant is injured does not, as matter of law or of right, render the master liable. There must, in addition to this, be evidence of some actionable negligence on the part of the master or on the part of some person or agent for whose act the master is liable.

If there was negligence in this case which contributed to the injury of plaintiff, it was that of plaintiff himself, or of Atkins, who operated the crane. Of course, plaintiff cannot recover on account of his own negli-

gence; and he did not claim for or rely upon the negligence of Atkins. We do not mean to say that, as matter of law, either was guilty of negligence, but simply that if any negligence was shown it was on the part of one or both of these witnesses, and, if found, that there could be no recovery therefor in this action, for the reasons above stated.

We are of the opinion that our Brothers have misconceived and misapplied the evidence quoted and relied upon, and which, they hold, was sufficient to carry to the jury the question whether Johnson's negligence caused or allowed the crane to strike plaintiff, or whether Johnson was guilty of any actionable negligence which would make him or the defendant liable in this action.

The effect of the Employer's Liability Act is to make the master liable for the act of the superintendent, whilst in the exercise of superintendence, to the same extent that the superintendent himself would be personally liable. If Johnson, in this case, is not liable to the plaintiff, then, of course, his master is not liable for the same act.

We are unable to find any evidence in this record which tends to show any actionable negligence on the part of Johnson. The evidence relied upon by our Brothers to carry this question to the jury did not show, nor tend to show, any actionable negligence on his part, because there was shown no duty resting upon him to do, or not to do, otherwise than he did; did not show notice or knowledge on his part of any danger to plaintiff; and did not show any wrongful act on the part of the crane mover, nor even on the part of the plaintiff himself. No part of the conflicting evidence tended to show any breach of duty or actionable negligence on the superintendent's part; but all the evi-

dence affirmatively acquitted him of any knowledge of plaintiff's danger and of the wrongful act which did injure him.

Plaintiff himself testified in part as follows: "That if plaintiff had looked around he could have seen the rack coming, there being nothing to hinder his view; that he did not know it was moving at all until it hit him; that if he had looked naturally he would not have stood there and allowed it to hit him; that Johnson was looking the other way from the way the rack was coming at the time Johnson spoke to him; that, so far as plaintiff knows, Johnson did not know that the rack was moving at all at the time he told him to take the wrench and go to the other side."

On redirect examination, he said: "Johnson had nothing to do with the operation of the crane, except to tell them when to pull the switch and put it back in. In his ordinary work, he had nothing to do with the operation of the crane; it was not a part of his work. It was his duty to see that the craneman cut off the electricity. It was his duty to give orders, while he was up there working, about where he wanted the crane right then. He did not see or hear Johnson give any orders to the craneman just before he stepped over there. When repairs were to be made, and Johnson was up there to do the work, the craneman had no right to move it without instructions from Johnson. Plaintiff heard Johnson give him no instructions; and it was the craneman's duty not to move it at all without instructions."

The plaintiff's witness Atkins, who was the craneman, testified in part as folows: "That it was witness' place to cut off the current; that it had not been cut off at the time the accident happened. * * * Witness had no direction from them to cut off the electricity.

Witness had not told Johnson that he was going to rack across and dump the iron; he only told Walker. Johnson had already gone up when he told Walker that. Witness did not tell Johnson which side to go on. He only said, 'You all go to the far side.' Walker was then right by the cab window of witness. Witness could have put his hand on him at that time. Witness told him loud enough for him (Walker) to hear him. * * * Witness did not take his orders from any one about moving the crane. Johnson did not give him any orders to move the crane."

So both witnesses testified that Johnson gave no orders to move the crane, and did not know that it was moved, or would be moved, until after the injury.

