## Southern Sewer P. Co. *v.* Caraway.

### *Injury to Servant.*

(Decided May 15, 1914.   62 South. 527.)

*Master and Servant; Injury to Servant; Presumption and Burden of Proof.*—While the doctrine of res ipsa loquitur may apply as between master and servant, not upon proof of injury alone, but where the circumstances attending the injury are sufficient to establish negligence without any direct proof thereof, yet where a count charged that the death of plaintiff's intestate was proximately caused by the negligence of the defendant in failing to provide him with a safe place to work, proof of injury alone will not of itself relieve plaintiff from the necessity of proving the negligence charged, as the burden is on him to show the manner in which it was inflicted.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by W. F. Caraway as administrator against the Southern Sewer Pipe Company, for damages for the death of his intestate while in their employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

PERCY, BENNERS & BURR, for appellant. The fundamental question in this case is whether or not the evidence discloses if plaintiff's intestate received his injuries while in the employment of defendant and while engaged in the performance of his duties as such employee, and as the result of the specific negligence charged in the fourth count of the complaint. It is insisted that the evidence does not warrant either conclusion,

and the court should have directed a verdict for defendant.—48 S. E. 58; 94 U. S. 278; *Peters v. So. Ry.,* 135 Ala. 533; 87 Ill. App. 123; 92 Fed. 552; 52 N. W. 235; 27 Pac. 477. While the doctrine of res ipsa loquitur may apply, it cannot apply unless there is some connection between the place, the negligence of defendant, and the injury of plaintiff.—41 L. R. A. 478; *Fletcher v. Tenn. Co.,* 50 South. 996; *Southworth v. Shea,* 131 Ala. 419; *Bromley v. Bir. Min. Co.,* 95 Ala. 397; *Tuck v. L. & N.,* 98 Ala. 150; 61 S. W. 41; 148 S. W. 484; 6 L. R. A. (N. S.) 337 and note.

HARSH, BEDDOW & FITTS, for appellee. The undisputed evidence clearly showed the negligence alleged. —*Smith v. Watkins,* 55 South. 611; *Sloss-Sheffield v. Whittaker,* 61 South. 18. The jury has answered affirmatively that the negligence alleged proximately caused the injury complained of.—*B. R. L. & P. v. Taylor,* 152 Ala. 105; *B. R. L. & P. Co. v. Leach,* 59 South. 360; *Tombigbee V. R. R. Co. v. Still,* 60 South. 546; *H. A. & B. v. Dusenberry,* 98 Ala. 241; *C. of Ga. v. Partridge,* 136 Ala. 587; *L. & N. v. Davener,* 162 Ala. 660; *Anniston E. & G. Co. v. Elwell,* 144 Ala. 317.

ANDERSON, J.—Count 4 charges that the death of the intestate was proximately caused by the negligence of the defendant in failing to provide him with a safe place within which to work. There was some evidence from which the jury could infer that some parts of the defendant's plant were insecure and defective, but there is no proof from which the jury could reasonably infer that the intestate came by his death as a result of any one or all of these defects combined. Indeed there is no proof as to just how the intestate was hurt, where he was standing when hurt, or what hit him, or whether

or not he was caught in the machinery. In fact the cause and manner of his injury was extremely speculative and conjectural, and the evidence did not warrant such a reasonable inference in support of the count as to authorize the trial court in submitting the case to the jury. It may be true that this court has in a few cases applied the doctrine of res ipsa loquitur between master and servant, not upon proof of injury alone, but where the circumstances attending the injury were sufficient to establish negligence without any direct proof thereof.—*Chamberlain v. Southern R. R. Co.,* 159 Ala. 171, 48 South. 703; *Western Steel Co. v. Cunningham,* 158 Ala. 369, 48 South. 109. But proof of injury alone, without showing the manner in which it was inflicted and the attending circumstances which would tend to establish negligence, will not, of itself, relieve the plaintiff from the necessity of proving the negligence charged. This was the effect of the holding in the *Chamberlain Case, supra;* and, while the majority of the court there held that the defendant was not entitled to the general charge, it was not because of the proof of the injury alone, but there was proof as to how the injury was caused, and the circumstances attending the same were such as to create a reasonable inference of the negligent loading of the car, which was on the defendant's track and was brought there by it, and we held that if the defendant must escape liability for the negligent loading of same, it could and should show that it was not responsible for the way in which it was loaded. The evidence in the present case has been read and carefully considered by all of the concurring Justices, and we think the proof is too meager, as to the injury and attending circumstances, to create a reasonable inference as to just how the intestate was injured, or that it was through the negligence of the defendant as charged

in the fourth count of the complaint. The trial court erred in refusing the defendant's requested general charge as to count 4. Nor did the statement of the defendant's counsel, as to his theory of the defense and what he expected to prove, rise to the dignity of an admission sufficient to relieve the plaintiff from making out a prima facie case as charged in the complaint.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.