(80 South. 451)

## COOSA PORTLAND CEMENT CO. v. CRANKFIELD. (7 Div. 960.)

(Supreme Court of Alabama. Nov. 28, 1918. Rehearing Denied Dec. 23, 1918.)

1. CONTINUANCE ☞35—ADMISSION OF TESTIMONY OF ABSENT WITNESS—INSTRUCTION—RULE OF COURT.

The showing in an affidavit as to what absent witness would have testified to was entitled to same weight as if witness had appeared and testified, plaintiff having admitted witness' testimony to avoid continuance under Circuit Court Rule of Practice, No. 16 (Code 1907, p. 1521).

2. TRIAL ☞296(8)—INSTRUCTIONS—CURE OF ERROR.

Error in refusing defendant's requested charge, that showing by affidavit as to what defendant's absent witness would testify to was entitled to same weight as if witness had appeared and testified, *held* not cured by general charge within contemplation of Gen. Acts 1915, p. 815, amending Code 1907, § 5364.

3. EVIDENCE ☞77(1, 3) — PRESUMPTION — FAILURE TO PRODUCE WITNESS.

No unfavorable inference may be drawn because of absence of testimony of witness, where evidence shows absent witness' evidence to be equally accessible to both parties, or that testimony would have been cumulative.

4. TRIAL ☞122—ARGUMENT OF COUNSEL—COMMENT ON FAILURE TO PRODUCE WITNESS.

No unfavorable argument of counsel may be made because of absence of testimony of witness, where evidence shows such absent witness' evidence to have been accessible to both parties, or that his testimony would have been cumulative.

5. MASTER AND SERVANT ☞101, 102(8)—SAFE PLACE TO WORK—DUTY OF MASTER.

Master need only exercise reasonable care and skill to have place of work reasonably safe for servant in exercise of due care in discharge of duties of employment.

6. MASTER AND SERVANT ☞286(19)—DEATH OF SERVANT—SAFE PLACE OF WORK—QUESTIONS FOR JURY.

In action for quarry servant's death when struck by rock from blast in oilhouse where he had taken refuge, whether signals and places of refuge provided by company were reasonably sufficient, and whether it permitted employés to use oilhouse as refuge *held* for jury.

Appeal from Circuit Court, St. Clair County; J. E. Blackwood, Judge.

Suit by Emeline Crankfield, administratrix, against the Coosa Portland Cement Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Percy, Benners & Burr and D. K. McKamy, all of Birmingham, for appellant.

Horace C. Alford, of Birmingham, for appellee.

THOMAS, J. The suit was for personal injury sustained by plaintiff's intestate.

[1, 2] The first assignment of error challenges refusal of the trial court to give defendant's written charge which we denominate "A." It was:

"The court charges the jury that the showing introduced in evidence as to what the witness E. A. Hardin would testify is entitled to the same weight and consideration at your hands as if Hardin had appeared in person and testified thereto on the witness stand."

The rule of continuance declared by statute is:

"The party applying for the continuance of any civil action must state in the affidavit the names and places of residence of the absent witness or witnesses, what diligence he has used to obtain his or their testimony, and what he expects to prove thereby. If the adverse party will admit what it is so alleged such absent witness will swear, the cause shall not be continued by reason of the absence of such testimony. After the first continuance, such other showing must be made, and such terms may be imposed, as to the court shall seem proper." Code 1907, p. 1521, No. 16.

According to such admissions, the probative effect of testimony of absent witnesses, presented by showings, has often been the subject of consideration by this court. Montg. & Wetumpka Plank-Road Co. v. Webb, 27 Ala. 618; Snodgrass v. Clark, 44 Ala. 198; Crawford v. State, 44 Ala. 382; Peterson v. State, 63 Ala. 113; Ryan v. Beard's Heirs, 74 Ala. 306; Woolsey & Sons v. Jones & Bro., 84 Ala. 88, 4 South. 190; Dean v. State, 89 Ala. 46, 8 South. 38. If such admissions are not to be given the same weight and consideration by the jury as would have been given the absent witness if he had been present and had sworn to the facts disclosed by the showing, so far as credibility is concerned, the practical effect of any other rule of construction would render ineffectual Rule of Practice No. 16, Circuit Courts. This was the recent application of the rule made in Williams v. Anniston Elec. & Gas Co., 164 Ala. 84, 93, 94, 51 South. 385, where the "showing" was taken in lieu of the testimony of the absent witness, and holding that charge G so instructing was properly given; and in Ex parte B. R. L. & P. Co., 184 Ala. 580, 64 South. 70, the reversal was had because of refusal to give charge 5, to the effect that such statement admitted in evidence is entitled to the same consideration as if the witness had so testified in the presence of the jury.

When charge A was requested, the bill of exceptions recites that the court at first marked the charge, "Given," and started to read it to the jury, and, after reading about half of the charge, withdrew the same and refused to give it to the jury, marking it, "Refused." In withdrawing the charge, the court said

"I started to read to the jury (the charge) prepared by the defendant with reference to the weight that they should give to the testimony of the witness Hardin who was present on a showing. After reading about half of it, I thought that I had committed error in giving it, and remarked, 'I withdraw that charge and will rely on what I said orally to the jury in that respect.' "

To this statement in the presence of the jury, the defendant excepted, and an exception was duly allowed by the court before the jury retired. For the error of the trial court in refusing to give defendant's charge A, the case will be reversed, unless it was fairly and substantially covered by the general charge. Gen. Acts 1915, p. 815. What the court said orally to the jury in respect to the weight that should be given to the showing of what the absent witness would have testified if he had been in court was:

"One witness for the defendant was absent and showing was admitted as to what his testimony would be, and that it was read in your hearing, and you will take and consider that as the testimony of the witness Hardin. It was admitted by the plaintiff that if he was present that he would testify to the things that were read to you from that showing, not that those things were true, but that that would be the testimony of the witness Hardin if he was present and you will take it and consider it as such."

We cannot say that the oral statement of the court would fairly and substantially instruct the jury that the showing was entitled to the "same weight and consideration" at the hands of the jury as if the witness "had appeared in person and testified thereto on the witness stand." To say the most of it, the court, by its action and statements of the showing, withdrawing it, somewhat limited the rule or confused the weight that such showing should be given by the jury in their consideration of the testimony of witness Hardin. For this reason we believe that the case should be retried.

[3, 4] It has been declared that no unfavorable inference may be drawn and no unfavorable argument of counsel made, because of the absence of the testimony of a witness, where the evidence also shows such absent witness' evidence to be equally accessible to both parties (Jordan v. Austin, 161 Ala. 585, 589, 50 South. 70; Hutcherson v. State, 165 Ala. 16, 50 South. 1027, 138 Am. St. Rep. 17; Forman v. State, 190 Ala. 22, 67 South. 583; Manley v. B. R. L. & P. Co., 191 Ala. 531, 538, 68 South. 60; Bates v. Morris, 101 Ala. 282, 13 South. 138; Haynes v. McRae, 101 Ala. 318, 13 South. 270; Crawford v. State, 112 Ala. 1, 21 South. 214; Ethridge v. State, 124 Ala. 106, 27 South. 320; Mann v. State, 134 Ala. 1, 32 South. 704), or that the testimony of the absent witness or the evidence in question would have been simply cumulative. Jones on Ev. § 21 (18), p. 132; Bates v. Morris, supra; Mann v. State, supra;

Ethridge v. State, supra; Jordan v. Austin, supra, 161 Ala. 589, 50 South. 70. The argument of plaintiff's counsel as to absent witness Hardin's being at Ragland the day before the trial was unwarranted. No objection was made thereto or motion to exclude this argument from the consideration of the jury when the argument was made by plaintiff's counsel. The objectional argument will not be repeated on another trial, and we will not pass upon this phase of the motion for a new trial.

Assignments of error 3 and 4 challenged the action of the trial court in refusing to give at defendant's request in writing the affirmative charge as to the several counts of the complaint. Charges B and F are as follows:

"The court charges the jury that if you believe from the evidence that, when blasting was done at the quarry, the day laborers were required to look out for their own safety and to go wherever and as far as they thought was safe, you should return a verdict for the defendant."

"The court charges the jury that if you believe from the evidence that, when blasting occurred, the day laborers were to find a safe place for themselves and get out of the way to wherever they thought themselves safe, you must return a verdict for the defendant."

Appellant supports the assignments of error with Zeigenmeyer v. Chas. Goetz Lime & Cement Co., 113 Mo. App. 330, 88 S. W. 139. Though it is there decided that injury received in blasting from falling rock was only temporary and an incident to the employment, yet the justice writing for the court pertinently observed that the master gave "plaintiff and all others employed warning thereof by causing one of its employés to sound the usual alarm by whooping, prior to the exploding of the blast, which was a reasonable precaution taken by the master under the circumstances of the case to aid respondent in protecting himself from injury, the respondent is certainly precluded from recovery thereby."

[5] A safe place is a relative term. To furnish such a place in which employés may work, the duty of the master is declared as limited to the reasonable care and skill necessary to have the place reasonably safe for the purpose for which it was designed, used, or operated (Sloss-Sheffield S. & I. Co. v. Triplett, 177 Ala. 258, 58 South. 108; Walker v. Woodward Iron Co., 178 Ala. 584, 59 South. 503; Reynolds v. Woodward Iron Co., 74 South. 360 ;[1] Titus v. Bradford B. & K. R. Co., 136 Pa. 618, 20 Atl. 517, 518, 20 Am. St. Rep. 944; Schotte v. Meredith, 197 Pa. 496, 47 Atl. 844; Geno v. Fall Mountain Paper Co., 68 Vt. 568, 35 Atl. 475); provided the place is reasonably safe for the employé to work in the exercise of due care in the discharge of the duties of his employment (Herren v. Tuscaloosa Waterworks, 40 South. 55). As a corollary to this statement of the degree of care and skill exacted of the master in

[1] 199 Ala. 231.

that behalf, it has been held that it "must be proportionate to the dangerous nature of the means, instruments, and machinery used." Williams v. Anniston Elec. Co., 164 Ala. 84, 92, 51 South. 385, 387; Frederick v. Coosa Pipe & F. Co., 6 Ala. App. 310, 59 South. 702; Drew v. Western Steel Car & Mfg. Co., 174 Ala. 616, 621, 56 South. 995, 40 L. R. A. (N. S.) 890. Our court has adhered to the rule that, as "between master and servant, no presumption of negligence arises from the mere fact of injury" (M. & O. R. R. Co. v. Thomas, 42 Ala. 672; L. & N. R. R. Co. v. Allen's Adm'r, 78 Ala. 494; Bivins v. Ga. Pac. Ry. Co., 96 Ala. 325, 11 South. 68; Jones v. Ala. Min. R. R. Co., 107 Ala. 400, 18 South. 30; Redus v. Milner Coal & R. R. Co., 148 Ala. 665, 41 South. 634; L. & N. R. R. Co. v. Fitzgerald, 161 Ala. 397, 49 South. 860; Whitmore v. Ala. Con. C. & I. Co., 164 Ala. 125, 51 South. 397, 137 Am. St. Rep. 31; Amer. Cast I. P. Co. v. Landrum, 183 Ala. 132, 62 South. 757; Going v. Sou. Ry. Co., 192 Ala. 665, 69 South. 73; Mathews v. A. G. S. Co. 76 South. 17 [2]); unless the circumstances attending the injury were sufficient to establish negligence without any direct proof thereof (Chamberlain v. S. R. Co., 159 Ala. 171, 48 South. 703; Western S. C. & F. Co. v. Cunningham, 158 Ala. 369, 48 South. 109; Sou. Sewer P. Co. v. Caraway, 182 Ala. 669, 671, 62 South. 527). See general analysis of the cases on the question, L. R. A. 1917E, pp. 36, 37, 79, 80.

[6] In the instant case the master gave timely signals of the making of blasts and permitted its employés to use the "rockhouse" and the "oilhouse" as places of refuge after such signals were given; the evidence further showing that the superintendent in charge, with his subordinate employés, had so used the oilhouse in question on many occasions when blasts were made. Plaintiff's intestate —an inexperienced employé, having been in defendant's service only 4½ days at the time of his injury—with others on that occasion, after notice, resorted to the oilhouse for protection from flying or falling stone. There, a fragment of stone tore through the house and killed him. It became a question for the jury to say whether the master had provided, or permitted its employés to so use, the house in question as a place of refuge after notice that a blast was impending; and, if so provided or permitted its use, whether the master exercised reasonable care to provide a safe place for the performance of the service by the servant proportionate to the dangerous nature of the means and instrumentalities employed in that part of its business of quarrying stone. What would have been the use of giving a reasonable warning of impending explosion if employés had no reasonably safe place where they might go to prevent injury from flying or falling stone? Whether the signals and places of refuge given and provided by the master were reasonably sufficient and approximate to the place of work, as to afford time within which employés so engaged and about to be imperiled might retreat to such places of refuge, and whether such places were reasonably sufficient to afford protection to such employés, were questions for the jury. Coosa P. F. Co. v. Poindexter, 182 Ala. 656, 62 South. 104; Reynolds v. Woodward Iron Co., 74 South. 360;[3] B. R. L. & P. Co. v. Buff, 77 South. 388;[4] Drew v. W. S. C. & M. Co., 174 Ala. 616, 623, 56 South. 995, 40 L. R. A. (N. S.) 890; Fox v. Pen. White Lead & Color Works, 84 Mich. 676, 48 N. W. 203; Selleck v. Langdon & Co., 55 Hun, 19, 8 N. Y. Supp. 573; Neveu v. Sears, 155 Mass. 303, 29 N. E. 472. These charges were properly refused.

The use in complaints of such allegation as negligent failure of the defendant to use reasonable care and skill to furnish a reasonably safe place in which to work has been approved, provided such averments are coupled with the other necessary averments. Dwight Mfg. Co. v. Holmes, 73 South. 933;[5] Tenn. C. I. & R. R. Co. v. Moore, 194 Ala. 134, 69 South. 540; Wilson v. Gulf States Steel Co., 194 Ala. 311, 69 South. 921, 922; Smith v. Watkins et al., 172 Ala. 502, 55 South. 611; Sloss-Sheffield S. & I. Co. v. Triplett, 177 Ala. 258, 58 South. 108; Drew v. Western Steel Car & Mfg. Co., supra; Coosa P. F. Co. v. Poindexter, supra; Sloss-Sheffield S. & I. Co. v. Dobbs, 187 Ala. 452, 65 South. 360; Ala. S. & W. Co. v. Tallant, 165 Ala. 521, 51 South. 835; B. R. L. & P. Co. v. Weathers, 164 Ala. 23, 51 South. 303; B. R. L. & P. Co. v. Adams, 146 Ala. 267, 40 South. 385, 119 Am. St. Rep. 27.

It results from the forgoing that the judgment of the circuit court is reversed, and the case is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

[2] 200 Ala. 251.

[3] 199 Ala. 231.    [4] 201 Ala. 94.    [5] 198 Ala. 590.