# Alabama Steel & Wire Co. v. Tallant.

*Injury to Servant.*

(Decided Jan. 20, 1910. 51 South. 835.)

1. *Master and Servant; Injury to Servant; Complaint.*—A count alleging that plaintiff was a laborer, and was injured while performing his duties under the orders of a superior employe of the master, and that the injury resulted from the negligence of such superior employe, and describing the work being done, and the manner of the injury, sufficiently alleges a cause of action under subdivision 3, section 3910, Code 1907.

2. *Same; Assumption of Risk; Jury Question.*—As to whether or not the danger was so open and obvious to the servant as to say that he assumed the risk of the employment, is, under the evidence in this case, a question for the jury.

3. *Same.*—Unless the danger is so open and obvious that no prudent man would undertake to work, an employe has the right to rely on the judgment of the superintendent of the work.

4. *Same; Negligent Order.*—The giving of an order by a superintendent which is dangerous to execute is negligence, and the master is liable for injuries resulting therefrom.

5. *Same; Safety of Appliance; Jury Question.*—On the evidence in this case it was for the jury to determine whether the appliances furnished the servant were safe for the use for which they were intended.

6. *Same; Contributory Negligence; Last Clear Chance.*—If a servant is unnecessarily injured by the negligence of the foreman of the master after a discovery of his peril, contributory negligence is no defense to an action for the injury.

[Alabama Steel & Wire Co. v. Tallant.]

7. *Same; Cause of Injury.*—Whether the injury to an employe was the result of a mere accident or of some negligence, is a question for the jury.

8. *Same; Evidence.*—Where the injury sought to be recovered for occurred from the breaking of a scantling held by the servant between a moving crane and a car for the purpose of moving the car, it was competent to show that on former occasions when plaintiff had held a scantling for a similar purpose, he had stood upon the car, and not on the ground, as he was standing when injured.

9. *Same.*—Where the injury occurred by the breaking of a scantling held by plaintiff between a moving crane and a car which was sought to be moved, it was competent to show that the scantling used on previous occasions under similar circumstances was of a different kind of wood.

10. *Same; Instructions.*—Where the action was for injuries received by a servant while holding a timber between a moving crane and a car that was sought to be moved, a charge asserting that there could be no recovery if there were two ways of holding the timber between the crane and the car, known to plaintiff, one a safe way and the other dangerous, and he selected the dangerous way and was thereby injured, was improper as it omits to hypothesize that plaintiff could have done the work he was ordered to do by selecting the safe way.

11. *Same.*—A charge asserting that if the place where the servant was directed to work was open and obviously dangerous to a person of ordinary intelligence then plaintiff could not recover, was properly refused where there was evidence tending to show that the servant was a man of limited experience in such work, and the danger, though apparent, might not have been so glaring as that a person like the servant would refuse to encounter it, when directed to do so by his superior; the instruction also fails to note another aspect of the case, that of subsequent negligence of the superintendence after a discovery of the servant's peril.

12. *Same.*—Instructions which, in effect, allege that it made no difference how negligent the defendant was in furnishing appliances to the servant with which to work, if it furnished a reasonably safe crane and which make no reference to the negligence of the superintendent in giving orders are properly refused in this case.

13. *Negligence; Proximate Cause.*—Whenever it appears that the negligence of a servant was the proximate cause of his own injury, the negligence of the master ceases to be the efficient proximate cause of the injury.

14. *Evidence; Res Gestae; Painfulness of Injuries.*—Where it appears that a servant's hand was caught between a moving crane and car, and was crushed, and in an effort to extricate it, he put his foot on the rail in front of the wheels of the car, and it was crushed, it was competent as a part of the res gestae to permit evidence as to the pain resulting from the injury of the hand.

15. *Same; Opinion Evidence.*—In an action for injury, the fact that the person injured is rendered disabled to work is not inadmissible as a conclusion.

16. *Damages; Elements; Disability to Work.*—The fact that a person injured is rendered disabled to work, is a proper element of damage in a suit for damages for the injury.

17. *Appeal and Error; Conclusiveness of Finding.*—Where the action was by an employe for personal injuries, and the issue as to his contributory negligence was properly submitted to the jury, their finding thereon is conclusive.

18. *Charge of Court; Oral Charge; Review.*—Where the entire oral charge of the court is not set out in the record and the part excepted to refers to rules laid down in another part thereof, such part cannot be reviewed thereon on appeal.

19. *Same; Argumentative Instructions.*—Where the action was for injuries to a servant by the breaking of a piece of timber held by the servant between a moving crane and a car for the purpose of moving the car, a charge asserting that if the servant held the timber between the crane and the car so negligently that it pinched his hand, which caused him to move, and negligently placed his foot on one of the rails of said track on which the crane was moving towards him, so that the crane ran over his foot, thereby causing the injury complained of, plaintiff could not recover, was argumentative and properly refused.

20. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges already given.

21. *Same; Undue Prominence to Particular Matters.*—Charges which single out particular facts of the evidence and give undue prominence to the same, are properly refused.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Mark Tallant against the Alabama Steel & Wire Company for personal injuries. Plaintiff had judgment, and defendant appeals. Affirmed.

Count A is as follows: "Plaintiff claims of the defendant, a corporation, $10,000 as damages, for that heretofore, to wit, on or about the 18th day of April, 1903, he was employed in the defendant's services in Etowah county as a common laborer, and was under the ordering and direction of one Lee Wright, and whilst so in the employment and service of the defendant, acting under the orders and direction of the said Lee Wright, plaintiff was, on or about the day aforesaid, in said county, negligently injured by a locomotive crane or locomotive hoisting engine, which was then and

there being used by the defendant in its work of unloading and placing material for its steel plant and furnaces then in process of erection in said county, run upon or over his right foot, so bruising and crushing his said foot that it had to be cut off, and otherwise seriously wounding and bruising him.  Plaintiff says that his said injuries arose.from the negligence of the said Lee Wright in negligently ordering and directing him to hold a piece of timber between said locomotive and a railroad track car, and that in complying with said order, so negligently given, plaintiff sustained the injuries above set forth, by being caught between said locomotive and car, and thrown or shoved in the way of said locomotive; and plaintiff says that the said injuries resulted to him from the negligence of said Lee Wright, who was then and there in the employ or service of the defendant; and to whose orders plaintiff was bound to conform, and did conform, and that his said injuries proximately resulted from his having so conformed." The substance of the pleas are sufficiently set out in the opinion.

Assignment of error 48 is as follows:  " in overruling appellant's objection to the following question to plaintiff, and in permitting him to answer: 'If, on a former occasion, when he stood on the car, and held the plank between the car and the crane for Allen, Allen did not put him on the car when he held the plank?. " (50) "What kind of a piece of timber did they use at the time you held it for Allen?"  (54) "Refusing to exclude the following statement, made by the appellee: 'That the railroad track connected with the L. & N. track; that is, a spur of the L. & N.' "  (55) "In overruling the following question:  Now, 'I will ask what kind of a block you used?' "  (60) "In overruling appellant's objection to the following question propounded to the wit-

ness Harbin: 'Mr. Harbin, while you were running the engine at the Alabama Steel & Wire Company's plant, before Lee Wright got hurt, didnt' he tell you that he told Tallant to go in between the car and the train, and hold the timber at the time he was injured?'" (64) "Objection to question 2 and answer of J. N. Mitchell: 'Mr. Mitchell, was there a steel bar there to the crane?'" (65) "Question and answer to same witness: 'What is your best recollection of its being on the end of the car at this time—that steel bar?'" (66) "To the witness Allen: 'At this particular time?'" (67) "Also to the witness Allen: 'Was that the supposed way to couple these cars?'"

The following charges were refused to the defendant: (1) 'The court charges the jury that, if from the evidence in the case they are reasonably satisfied that plaintiff's injury proximately resulted from the negligence of both plaintiff and Lee Wright, they must find for the defendant." (2) "The court charges the jury that, if they are reasonably satisfied from the evidence that plaintiff held the piece of timber between the crane and the car so negligently that it pinched his hand, which caused him to move, to jump, and negligently placed his foot on one of the rails of said track, on which said crane was moving towards him, so that said crane ran upon his foot, thereby inflicting the said injury, then plaintiff cannot recover under either count A or F." (3) "The court charges the jury that, if they are reasonably satisfied from the evidence that plaintiff's injuries proximately resulted from the joint negligence of Lee Wright and plaintiff, they may find for the plaintiff." (4) "The court charges the jury that, if they are reasonably satisfied from the evidence that there were two ways of holding the timber between the crane and the car known to plaintiff, one a safe way

and the other dangerous, and he selected the dangerous way, and was thereby injured, he cannot recover." (5) "The court charges the jury that, if the danger of going in between said car and train for the purpose of holding said piece of timber was as open and obvious to plaintiff as to Lee Wright, plaintiff cannot recover under counts A. and F." (6) "The court charges the jury that, under the evidence in this case, the fact that defendant had a steel bar which is used to couple the crane and car to pull, or under some circumstances to push, cars does not alone entitle plaintiff to recover." (7) "The court charges the jury that, if the place between said crane and car was openly and obviously dangerous to a person of ordinary intelligence, the plaintiff cannot recover under counts A and F and A1." (8) "The court charges the jury that, if they are reasonably satisfied from the evidence in the case that it was dangerous to go in between the car and the train and hold the piece of timber between the bumpers of them while said crane was pushing said car, and that said danger was obvious and patent to a person of ordinary intelligence, and that plaintiff went in between said car and train and held said piece of timber, and while in said position was injured as alleged in counts A and F and A1 of the complaint, the plaintiff cannot recover any of these counts." (9) General affirmative charge. (10) "The court charges the jury that, if there were two ways of holding a piece of timber between the car and crane, the one dangerous and the other safe, which were known to and appreciated by plaintiff, and he selected the dangerous way instead of the safe way, he was guilty of contributory negligence, and cannot recover under counts A, F, and A1." (11) "The court charges the jury that, if they are reasonably satisfied from the evidence that the injury complained of proximately result-

ed from the pinching of plaintiff's hand by the piece of timber and the crane, and that said Lee Wright did not know, and by the exercise of reasonably diligence could not have known, that plaintiff's hand would be so pinched, then the plaintiff cannot recover." (12) 'The court charges the jury that, if they are reasonably satisfied from the evidence that Lee Wright did not know, and by the exercise of reasonable negligence could not have known, that plaintiff's hand would be pinched by holding said piece of timber, then said Lee Wright is not negligent in ordering plaintiff to hold said piece of timber." (13) "The court charges the jury that there is no evidence in the case in support of the charge in count A1 of the complaint that defendant failed to use due care to furnish plaintiff with reasonably safe cars or locomotive or locomotive crane.' (14)' The court charges the jury that, if defendant furnished a reasonably safe locomotive crane, and if they are reasonably satisfied from the evidence that it did, they must find for the defendant.' (15) "The court charges the jury that, the burden is on the plaintiff to satisfy the jury reasonably that Lee Wright was negligent in ordering the plaintiff to hold the piece of timber between the train and the car, and unless the jury are so satisfied that Lee Wright knew that plaintiff's hand would be pinched by holding said piece of timber, or by the exercise of reasonable diligence could have known it, then the giving of said order was not negligence."

There was judgment for the plaintiff in the sum of $6,000.

BURNETT, HOOD & MURPHREE, for appellant. Count A was subject to the demurrer interposed.—*Dantzler v. DeBardelaben*, 101 Ala. 309; *Herndon's Case*, 100 Ala. 456. Count D is manifestly bad.—*Achor's Case*, 114

Ala. 492; *Haley's Case*, 113 Ala. 640; *Martin's Case*, 23 South. 735. Count E does not show that the plaintiff was in the employment of the defendant.—*Probst's Case*, 85 Ala. 202, and authorities supra. On these authorities count D and count A were bad. Plea 8 was a good answer to count A, as was plea 14.—*Biven's Case*, 103 Ala. 148; *Davis' Case*, 107 Ala. 626; *Walter's Case*, 91 Ala. 426; *Orr's Case*, 91 Ala. 548; *Georgia's Case*, 94 Ala. 200. Plea 15 to count A was good.—*Statz's Case*, 105 Ala. 368; *Pryor's Case*, 90 Ala. 32. It is well settled that if a servant negligently performed his work and such negligence proximately contributed to his injury, he cannot recover.—*Holland's Case*, 91 Ala. 444. Whether plea 16 be taken as one of assumption of risk or contributory negligence, it is good.—*Davis' Case*, 119 Ala. 572; *Holland's Case, supra; Osborn's Case*, 135 Ala. 571. Plea 17 is good for the same reason. Counsel discuss assignments of error, but without citation of authority. The court erred in the oral charge excepted to.—*Tanner's Case*, 60 Ala. 621; *Brown's Case*, 25 South. 609; *Lamb's Case*, 26 South. 974. The court erred in refusing charge 1.—*Letcher's Case*, 69 Ala. 109. Charges 2 and 3 should have been given.—*Pryor's Case*, 90 Ala. 32. Written charges 4 and 7 and 8 were properly refused.—*Davis' Case, supra; Holland's Case, supra; Osborn's Case, supra*. Counsel discuss other refused charges and insist that on the authorities supra, they should be igven.

DORTCH, MARTIN & ALLEN, and H. T. BAILEY, for appellee.—Under the facts in this case the whole question of contributory negligence is one for the jury.—121 Ala. 460. The superior and the servant do not stand on equal footing.—1 Lebatt, Sec. 440. When a master orders a servant to do a dangerous thing unless the danger

[Alabama Steel & Wire Co. v. Tallant.]

is so glaring that no prudent man would encounter it, the servant is not denied his remedy because of contributory negligence.—9 Am. St. Rep. 339; 2 Thomp. on Neg. 975; 37 South. 416. A specific order to do a certain thing carries with it the assurance that the act may be done with reasonable safety.—107 Ala. 634; 1 Lebatt, Sec. 440. Although the order be harmless, if given under conditions or circumstances as to make it hurtful, the master would be liable.—2 Lebatt p. 2021; Wallace & Roberts, 226; 142 B. D. 68; 153 Ind. 420. The oral charge of the court was not error.—117 Ala. 382; 110 Ala. 331. Counsel insist that the request to give the refused charges was a request in bulk and that some of them are manifestly bad, charge 4 for instance, is manifestly bad.—91 Ala. 548; 94 Ala. 200; 134 Ala. 302. Counsel discuss other charges, but without citation of authority. Counsel also discuss the evidence, but without citation of authority.

MAYFIELD, J.—The court gave the general charge on counts D and E, thus leaving for consideration counts A, A1, and F.

Count A1, as well as other counts, charges negligence in failing to provide reasonably safe cars, or locomotive or locomotive crane, or appliances, or instrumentalities, with which plaintiff was required to perform his work, etc. The court, at the request of the defendant, charged the jury (No. 24) that, if they were reasonably satisfied from the evidence that defendant furnished these appliances, they must find a verdict for defendant under count A1. It was, therefore, for the jury to determine. They found against the defendant, which necessarily disposed of count A1 and the other counts.

The pleas to count A, on which the case was tried, were numbered from 8 to 13, inclusive—contributory

negligence. The argument against count A is that it
is vague, uncertain, and confused; but we are impressed
that it is not subject to such criticism, and was a good
count under subdivision 3, § 1749, Code 1896 (Code
1907, § 3910). It charges, pertinently, all that this sub-
division requires.

The defenses are the general issue and contributory
negligence on the part of the plaintiff. The ninth plea
sets up that a locomotive crane was used by defendant
in switching cars on railroad tracks and unloading
them; that, in pushing said cars by said locomotive
crane, a piece of timber three or four feet long was
placed against and between the bumpers of a car and
said crane, so that said crane would push the car by
means of said piece of timber; that plaintiff went in be-
tween said crane and a car for the purpose of holding
said piece of timber between them, and so negligently
held said piece of timber that, when said crane was mov-
ed toward him and against said piece of timber, which
caused plaintiff to jump or move, and to negligently
place his foot on one of the rails of said track on which
said crane was moving, or about to move, toward him,
so that said crane ran over or against it, thereby inflict-
ing said injuries. The other pleas set out the same facts
as inducements: The tenth, that plaintiff negligently
allowed his foot to remain on said track until said crane
ran over or against it and inflicted the injuries. The
eleventh, that the danger of going between said crane
and car, and holding said piece of timber between the
bumpers, while said crane was pushing said car by
means of said piece of timber, was obvious and patent
to a person of ordinary intelligence; that, notwithstand-
ing this, plaintiff negligently went between said crane
and car for the purpose of holding said piece of timber,
and while so between them was injured; and that plain-

tiff could have stood on said car and held said piece of timber where there would have been no danger of his receiving injuries. The twelfth is about to the same effect as the eleventh. And, thirteenth, that plaintiff could have stood on the ground or railroad ties, and not on said rail, and so held said piece of timber equally as well, and thereby have avoided the danger of being injured.

The evidence shows that the injuries occurred whilst plaintiff was attempting to execute the orders of Lee Wright, his superintendent, a person to whose orders he was bound to conform, by holding a piece of scantling between the bumpers of a locomotive crane and a flat or freight car. Whilst plaintiff was engaged in the execution of said order, the impact of the crane against the scantling cupped it, and cought plaintiff's hand and mashed it, and, while he was attempting to disengage his hand from its painful position, the wheels of the locomotive crane caught his right foot and mashed it off.

The defendant insists, in a plea of contributory negligence, that the danger plaintiff encountered was an open and obvious one, and for that reason he is not entitled to recover, as he voluntarily assumed the risk. That question was submitted to the jury, and their finding was against defendant's contention. If properly submitted to the jury, its insistence here is without force. The evidence, in some of its phases, shows plaintiff to have been an inexperienced man, and this was the second time he had attempted to hold a piece of wood between the bumpers of the crane and car end, and, the first time he held it, he was on the car and not on the ground. The superintendent testified that it was not a dangerous undertaking, a view the jury seems to have repudiated.

The question was one for the determination of the jury. In *S. R. Co. v. Shields,* 121 Ala. 460, 25 South. 811, 77 Am. St. Rep. 66, it was held that where a suit is brought against a railroad company for damages for personal injuries, and the plea of contributory negligence is interposed, if there is evidence tending to show negligence on the part of the company, and if the evidence fails to show, as a matter of law, that the plaintiff was guilty of contributory negligence, both the question of the negligence of the defendant and contributory negligence of plaintiff should be referred to the jury. "The attempt did not to his inexperience involve obvious danger, risks which a prudent man would not incur, and he had a right to rely to some extent upon Rhyne's (his superior's) greater knowledge and experience, and upon the assumption that Rhyne would not expose him to unnecessary peril. The trial court properly left both questions, of negligence of Rhyne and contributory negligence of plaintiff, to the jury." Furthermore: "The servant does not stand on the same footing with the master. His duty is obedience, and if, when in the discharge of that duty, he is damaged through the neglect of the master, it is but meet that he should be recompensed. The essential inequality in the positions of the parties is deemed to warrant the deduction that a prudent man has a right, within reasonable limits, to rely upon the ability and skill of the agent in whose charge the common master has placed him, and is not bound at his peril to set his own judgment above that of his superior. In other words, when a servant did not assert his judgment in opposition to the supposed better judgment or stronger will of the master, the law usually allows the jury to determine whether he was negligent, or acted in reliance upon the judgment of his master, or out of a constrained acquiescence in the rule of obedi-

ence, which his relation as servant imposed." To the same effect is Thompson on Negligence, vol. 2, § 975. "The servant is not bound to prove that the injury resulted from the conformity to orders as causa causans, but merely that such conformity was the causa sine qua non of the injury."—2 Labatt, 2021.

It is urged that the injury to plaintiff was an accident. But this, also, was a question for the jury; and the court charged, at request of defendant, that, if the injury to plaintiff resulted from a mere accident or casualty, the plaintiff could not recover.

It is also charged, at defendant's request, that, unless they were reasonably satisfied from the evidence that Lee Wright was negligent in giving the order to hold the timber as alleged in count A, the plaintiff could not recover under that count. The evidence shows, without conflict, that Wright knew the position of plaintiff, and had placed him in it, and, with such knowledge, backed the crane on him and injured him as charged in the complaint. As has been before stated, the court gave the general charge requested by defendant, on counts D and E, the ones which charged wantonness on part of defendant. "The defendant requested the court to give written charges numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15, each of which charges the court refused to give and to the refusal of the court to give each of said written charges the defendant separately and severally then and there duly excepted." There was no error in allowing counsel to ask plaintiff if the catching of his hand by the scantling was painful to his hand. He had just testified, without objection, that his hand was caught between the scantling and the crane, and that the scantling mashed it; that he tried to get loose, and in doing so he stepped upon one of the rails. There was no error here. The injury to the

hand and its painfulness was a part of the res gestæ of the occurrence. The plaintiff alleged that his foot was crushed and bruised, and he was otherwise seriously injured and mashed, etc., and by reason of said injuries he suffered great mental and physical pain, and was disabled from working for a long time. Nor did the court err in allowing plaintiff to state that he was disabled to work. That was an element of the damage. It was a fact, and not a conclusion of the witness, as urged.

The question, the basis of the forty-eighth assignment of error, was not subject to the objection interposed to it. It tended to show the experience or nonexperience of the plaintiff in such matters, and that on the occasion referred to he was on the car, and here he stood on the ground.

Nor was there any error in allowing him to show that the kind of timber used on the first occasion was not the same as the scantling here used.

Other questions, the bases of assignments 50, 54, 55, 60, 64, 65, 66, 67, are so manifestly without merit as to require no separate consideration of them.

The oral charge of the court is not set out in the record, and what is alleged as a part of it was excepted to. Without the whole charge, one is unable to pass intelligently on any part of it. The court refers, in the part excepted to, to the rules he had given the jury in other parts of the oral charge.

Counts D and E were counts for wantonness, and, as before stated, the court, in charge 20½ charged that the jury could not find a verdict for wantonness. This eliminated from their consideration these counts and all charges based on them. If Wright injured plaintiff after the discovery of his peril, the negligence of the plaintiff could not defeat a recovery, which the charge was calculated to mislead the jury into supposing would be the case.

Charge 2 was properly refused, as being argumentative. Charge 20, given for defendant, fully covered the question of plaintiff's alleged contributory negligence.

Charge 3, requested for defendant, is subject to the same vice as charge 1, condemned above. Whenever the negligence of the plaintiff becomes the proximate cause of his injury, the negligence of defendant ceases any longer to be the proximate cause of the injury.

Charge 4 is bad. It omits the predicate that plaintiff could do the work he was ordered to do by selecting the safe way.—*B. C. M. Co. v. Parker,* 134 Ala. 302, 32 South. 700. Furthermore, the charge was substantially covered by given charge 18, for defendant

Charge 5 was properly refused. Lee Wright was the sueprintendent, and plaintiff had the right to rely on his judgment, unless the danger was so open and obvious that no prudent man would encounter it—a fact the jury did not believe existed. Whether Wright would encounter it or not could make no difference.

Charge 6 singles out a particular part of the evidence, and gives prominence to it, and was calculated to mislead.

Charge 7 is faulty. The evidence tends to show that he was a man of limited experience in such matters, and the danger, although apparent, might not have been so glaring as that a person like himself would refuse, against the orders of his superior, to encounter it. This ignores all questions as to subsequent negligence, after discovery of peril.

For like reasons charge 8 was properly refused.

Charge 9 was the general charge for the defendant: It needs no discussion to condemn it.

From what has already appeared, charge 10 was an improper instruction. Moreover, it was substantially covered by given charge 18.

Charge 11 singles out and makes prominent a single part of the evidence. Given charge 22 instructed fully as to the alleged accident or casualty, and told the jury that, if the accident thus resulted and could not have been reasonably foreseen by ordinary diligence, the plaintiff could not recover.

Charge 12, for like reasons, was properly refused.

Charge 13 is bad. It does not cover the entire count A1, and tends to mislead. Although the jury might believe defendant furnished plaintiff with a piece of timber with which to make the coupling, it was for the jury to say, under the evidence, that this was not a safe appliance. Charge 24 properly submitted this matter to the jury, as to the locomotive and crane, and in effect was the general charge on count A1. The charge refers specially to safe cars, or locomotive or locomotive crane, and makes no mention of other appliances or instrumentalities with which the plaintiff was to work in pursuing his labors as an employe, which the count avers was not done.

Charge 14 was misleading, in asking that a verdict be found for defendant, if simply the locomotive or crane was reasonably safe. Under it, it would make no difference how negligent the defendant was in furnishing plaintiff cars or appliances or instrumentalities with which to work, if it simply furnished a reasonably safe crane, and makes no reference to the negligence of Wright in giving orders or in exercising superintendence.

Charge 15 is misleading. The giving of an order which is dangerous to execute is negligence, and defendant is responsible for the injuries flowing from such negligent order. Lee Wright was not bound to anticipate that plaintiff's hand would be pinched, in giving an order dangerous and calculated to injure another,

to render the defendant liable. If he was bound to anticipate the exact manner in which the injury might occur, then the defendant would be responsible if the order was negligently given. The whole question whether the injury was an accident or not was properly submitted by the court to the jury, in given charge 22.

We cannot say that the court erred in refusing to grant a new trial.

The opinion in this case was prepared by Justice Haralson, and was adopted by the court.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.

