# Johnson v. Collier.

## Breach of Injunction Bond.

(Decided Dec. 8, 1910. 54 South. 53.)

1. *Appeal and Error; Review; Insufficient Record.*—Where the record shows that pleas were filed April 10, and that on April 14th, the court refused to permit them to be filed, and the bill of exception shows that the plea was filed on the 9th, and the court refused to permit them to be filed at an unmentioned time, the refusal to permit them to be filed cannot be reviewed.

2. *Same; Harmless Error; Pleading.*—Where pleas were permitted afterwards to be filed, or had been filed already, any error in refusing permission to file, was rendered harmless.

3. *Same; Instructions.*—Where the court's instructions and verdict limited the recovery to attorney's fees, erroneous instructions as to other elements of damage were rendered harmless.

4. *Costs; Taxation; Deceased Defendant.*—Section 3668, Code 1907, does not entitle surviving defendants to have the aliquot part of a deceased defendant as to the whole costs, taxed against the plaintiff, because one of the defendant's died pending the suit and plaintiff permitted the action to abate as to him.

APPEAL from Etowah Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by B. T. Collier against M. B. Johnson and others, on an injunction bond. Judgment for plaintiff and defendant Johnson appeals. Affirmed.

GEORGE D. MOTLEY, for appellant. The plaintiff was not entitled to recover in the absence of a showing of malice in its legal acceptation.—79 N. C. 548. The court should have directed the jury that there could be no recovery for loss on sales where the injunction was habitually violated, and no sales were prevented thereby.—14 Wash. 521. The amount claimed was subject to set off for mutual demands existing.—Sec. 5858, Code 1907; *Locke v. Locke*, 57 Ala. 473. The defendant was entitled to have the aliquot part of the dead defendant's

[Johnson v. Collier.]

costs taxed against the plaintiff.—*Handley v. Lawley,* 90 Ala. 527; *Neff v. Edwards,* 81 Ala. 246; Secs. 3668-9, Code 1907.

BILBRO, INZER & STEPHENS, for appellee. There was no error in the courts refusing pleas to be filed that had already been filed.—*Burgess v. Am. Mtg. Co.,* 115 Ala. 473; *Shelton v. St. Clair,* 64 Ala. 565; *Davis v. The State,* 17 Ala. 415. The presumption is that the court declined for this reason to allow a refiling.—*Nash v. Schraeder,* 27 Ala. 377; *Harris v. Rowland,* 23 Ala. 644; *Patton v. Haiter,* 15 Ala. 18. The court properly refused to tax plaintiff with one-fourth of the costs.— *Henry v. Murphy & Co.,* 54 Ala. 346; Sec. 3668, Code 1907. It is expressly shown by the record that nothing but attorney's fees were recovered for, and hence, errors as to other matters of damage was without injury. The liability on an injunction bond is conditioned solely on the dissolution of the injunction, and damages in consequence of the writ.—*Bush v. Kirkbride,* 131 Ala. 405; *Jackson v. Millspaugh,* 100 Ala. 285.

MAYFIELD, J.—The record proper shows that the pleas of set-off 8 and 9 were filed April 10, 1908,. The bill of exceptions recites that the pleas had been filed on the 9th of April, 1908. The record proper shows that on the 14th day of April, 1908, the defendants offered to file these pleas 8 and 9, and that the court declined to allow them to be filed, and that defendants excepted. The bill of exceptions also recites that the court declined to allow defendants to file these same pleas, and that defendants excepted. It does not show when the offer to file, or the refusal to allow the filing, occurred. In this condition of the record we cannot review the ruling of the court in declining to allow these pleas to be filed. It may be that the refusal was proper,

because they had already been filed, and that to refile them would be of no benefit. On the other hand, if they had not been filed when the refusal was made, the error was cured by the court's subsequently allowing them to be filed. In neither event is reversible error shown.

The rulings of the court as to the proper elements of damages in an action on the injunction bond, other than those as to attorney's fees, could be of no injury to defendant, for the reason that the record affirmatively shows that the court charged the jury that no other damages or elements thereof could be recovered on the trial, and that the only damages recovered were for attorney's fees. So it is unnecessary to review these questions, as to which no injury resulted to appellant.

One of the defendants, a surety on the injunction bond, died pending the suit, and the plaintiff allowed the action to abate as to such defendant. The remaining defendants thereupon moved the court to tax the plaintiff with one-fourth of the costs; that being the aliquot part of the deceased defendant. The court overruled this motion, and the defendants excepted. This motion was based on section 3668 of the Code of 1907, which reads as follows: "When a plaintiff fails to recover against all the defendants, the defendants against whom he fails to recover are entitled to have their costs taxed against the plaintiff."

This section, as it now appears in the Code of 1907, is radically different from the corresponding section in the Code of 1896. In the former Code the aliquot part of such defendants as to the whole costs was taxed against the plaintiff, while in the latter statute it is only the costs of these defendants, as to whom plaintiff fails to recover, for which he is liable. This may be more or less than the aliquot part of the whole. In no case, now, is the plaintiff taxable with any costs, ex-

cept those of the defendants as to whom he failed to recover. He is not now, as he formerly was, taxable with a certain part of the whole costs, and therefore a part of the costs of those defendants against whom he recovers. The court for this reason properly overruled the motion to tax plaintiff with one-fourth of the costs. Such proportion, it may be, was more than the costs of the deceased defendant, whose share was all for which plaintiff was liable to be taxed.

' These are the only errors insisted upon (and we do not mean to intimate that any are shown), and, having ruled them against the appellant, the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.