# Sloss-Sheffield Steel & I. Co. *v.* Capps, *pro ami.*

## *Damage for Injury to Servant.*

### (Decided April 17, 1913.  62 South. 66.)

1. *Master and Servant; Injury to Servant; Complaint; Sufficiency.* —In view of the age and inexperience and lack of specific knowledge of the particular defect on the part of plaintiff, an allegation in his complaint, in an action for injuries to him as a chain boy in the employment of the master, by the derailing of a tram car on which he was riding, that the injuries were caused "by the defective condition of said car that was derailed" sufficiently described the alleged defect.

2. *Same.*—Where the action was by a chain boy for injuries caused by the derailment of a tram car in the mine, on which he was riding, an allegation that the cable or rope which pulled the car was so defectively constructed that it pulled the car sideways off the track, was sufficient, and referred to the condition in which such rope or cable was attached to the cars, pulleys, etc., rather than to the manner in which it was woven or manufactured.

3. *Same; Evidence; Violation of Rule.*—Where it was attempted to be shown that the employer's rule prohibited employes from riding on cars, as plaintiff was doing when injured, it was admissible to show that with defendant's knowledge such rule was repeatedly violated.

4. *Same.*—In an action for injury to a servant riding on a mine tram car, it was competent to show that defendant had knowledge of the defective condition by showing that another employee had called the attention of the mine boss to its defective condition.

5. *Charge of Court; Construction; Oral Charge.*—All parts of the oral charge of the court must be construed together.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Arthur Capps, by his next friend, against the Sloss-Sheffield Steel & Iron Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The allegations of the sixth count sufficiently appear from the opinion. The seventh count was based upon subdivision 1 of the Employer's Liability Act; but the negligence alleged was that the cable or rope attached to the said car, and used for the purpose of pulling

the same out of said mine, was so defectively construct-
ed that it pulled the said car sideways off the track upon
which it was running. The demurrers to count 2 raise
the question as to the sufficiency of its allegations to
show actionable negligence, and that it does not allege
sufficiently the defect in the car, or in what respect
the ways, works, machinery, etc., were defective. The
portions of the oral charge excepted to are as follows:
"And you will also take into consideration the time that
he lost, or may lose in the future, from his work as a
proximate result of the negligence of the defendant."

TILLMAN, BRADLEY & MORROW, and E. L. ALL, for ap-
pellant. The court erred in overruling demurrers to the
sixth count as amended.—*Whatley v. Zenida C. Co.*, 122
Ala. 118; *T. C. & I. v. South.* 171 Ala. 251. The court
erred in overruling demurrers to the seventh count as
amended.—Authorities supra. It is error to permit it
to be shown that another employee had previously call-
ed the bank boss's attention to the spreading of the
track at or near the time of the injury, as charging de-
fendant with notice of such defective condition. The
defendant was entitled to the general affirmative charge
as to the fifth, sixth and seventh counts.—*L. & N. v.
Fitzgerald*, 161 Ala. 413; *Clements v. A. G. S.*, 127 Ala.
166; *L. & N. v. Allen*, 78 Ala. 494; *Smoot v. M. & M.*,
67 Ala. 13.

GOODWYN & ROSS, for appellee. There was no error
in overruling demurrers to the complaint.—*Mary L. C.
& Ry. Co. v. Chambliss*, 97 Ala. 171; *A. G. S. v. Davis*,
119 Ala. 572; *So. Ry. v. Guyton*, 122 Ala. 231; *Sloss
Co. v. Hutchinson*, 40 South. 114. Counsel discuss the
assignments of error relative to evidence, but without
further citation of authority. They insist that there

was no element of wrongful employment involved, and that being injured as an employee, plaintiff was the only one that could sue for his lost wages, and that consequently no error intervened in the admission of such evidence, and in the oral charge of the court.—*Woodward I. Co. v. Cook*, 27 South. 455; *W. U. T. Co. v. Haley*, 39 South. 386; *M. & O. R. R. Co. v. George*, 10 South. 145. On these authorities no error intervened in the refusal of the court to direct a verdict for the defendant.

MAYFIELD, J.—The plaintiff is a minor, and sues by next friend, under the Employer's Liability Act (Code 1907, §§ 3910-3913), to recover damages for personal injuries received and suffered by him, while in the employ of defendant (appellant), in its mine, as a chain boy, in consequence of the derailment of a tram car on which he was riding. The trial resulted in a verdict and judgment for $800.

It is first insisted by appellant that the sixth count of the complaint was insufficient, as was pointed out by its demurrer.

This count is drawn under the first subdivision of the Employers' Liability Act, and practically, if not literally, follows the language of the statute, and concludes by describing the particular defect as "a defective condition of the said car that was derailed and injured plaintiff, as aforesaid."

While it is possible and probable that this defect could have been described with more particularity and certainty, we are not prepared to say that it was not sufficient, under the circumstances alleged in connection with it, such as the age of the plaintiff, his lack of specific knowledge of the particular defect, and the fact that the car was a mere tram car used in the mine.—

*Sloss Co. v. Hutchinson,* 144 Ala. 221, 40 South. 114; *Mary Lee Co. v. Chambliss,* 97 Ala. 171, 11 South. 897.

The case is readily distinguishable from that of *Tennessee Coal, Iron & Railroad Co. v. Smith,* 170 Ala. 251, 55 South. 170. There the only defect attempted to be alleged was "the condition of the mine entry." The count in that case afforded very little, if any, information as to any particular defect; the defendant was not informed of what it was to defend against. There were shown to exist in that case several entries, and as an entry is a mere opening or way into the mine it was impracticable, if not impossible, to learn what defect, if any, the count referred to.

Here the defect alleged was as to a tram car, which caused it to be derailed. On account of the plaintiff's age and of the nature of his employment, he probably had no means of knowing how to describe the defect any more certainly than he did; and we see no reason why the defendant could not show that the condition of the car was not defective, if such was the fact. In *Smith's Case* there was nothing to show or indicate how a defective opening in a coal mine would tend to derail a tram car; but here it is very evident that a defect in a tram car would tend to cause its derailment. There are many other respects in which the two cases may be distinguished.

The seventh count of the complaint was not subject to any ground of demurrer interposed. It was like the sixth count, except that it alleged that the "cable or rope which pulled the car was so defectively constructed that it pulled the car sideways off the track." We see no reason why this count was not sufficient. We may here say that the objection or contention that this merely refers to the warp or woof of the rope, or to the manner in which it was woven or manufactured, is not

well taken. It is perfectly evident that it refers to the manner, mode, or condition in which it was attached or adjusted to the car, motive power, pulleys, etc., rather than to the texture of the rope. If it was material to show how long the chainers had been gone out of the mine before the witness Morton and others came out, it is not made to appear to us. The answer to the question could not have affected the result in the case. So far as we can see, it was immaterial.

There was shown, or attempted to be shown, a rule prohibiting employees from riding out of the mine on the tram cars, as plaintiff was doing when injured; and there was a like attempt to show a waiver of this rule by the master. It was therefore competent, on this issue, to show that the rule was violated repeatedly with the knowledge and without objection from the master.

It was competent for the plaintiff to prove that the master had knowledge or notice of the defective condition of the plant; and for this reason there was no error in allowing plaintiff to prove by Garris that he had called the bank boss' attention to the defective condition of the tram track.

The question propounded to the same witness, Garris, to prove the condition of the rope or cable were likewise proper. The seventh count of the complaint could not be proven, except in the mode and manner here attempted.

We see no error whatever in any of the rulings of the trial court upon the admission or rejection of testimony.

There was no reversible error as to any part of the oral charge to which exceptions were reserved. Construed in connection with the other parts of the oral charge, as we must construe each, it involves no error or injury of which appellant can complain. Some of

the parts of the oral charge as to which exceptions were reserved, standing alone, might be erroneous; but they are not complete within themselves, and were not intended so to be by the court, being complemented, qualified, and explained by other parts of the oral charge, as well as by written charges.

There was evidence sufficient to carry the case to the jury as to each count of the complaint upon which the trial was had; and consequently the affirmative charge should not have been given as to any such counts. It is therefore unnecessary to treat each count separately. The plaintiff's right to recover, and the amount of his damages, were clearly questions for the jury on the issues raised by the pleadings and upon the evidence introduced; and we find no error, and see no reason why the judgment of the trial court should not be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.

*Damage for Injury to Servant.*

