ELLA KELLEY, EXECUTRIX, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED OCTOBER 17, 1913. No. 17,260.

Master and Servant: INJURY TO SERVANT: NEGLIGENCE: DIRECTING VERDICT. Where actionable negligence is not shown by the evidence, in a suit against an employer for negligence causing the death of an employee, the trial court should direct a verdict in favor of defendant.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Charles Battelle* and *Joseph Carr,* for appellant.

*John L. Webster* and *W. J. Connell, contra.*

ROSE, J.

While George E. Bradford was in the employ of defendant at the intersection of Twenty-second and Nicholas streets in Omaha, he was fatally crushed between an electric motor car and a freight car on defendant's street railway. To recover resulting damages in the sum of $7,500, this action was brought by the executrix of his will. In the petition it is alleged that Bradford, immediately prior to the accident, had, as an employee of defendant, been cutting grass and weeds; that he was called therefrom by defendant, and under its direction was handling a trolley rope of the electric motor car; that while so engaged he was ordered by defendant's foreman to place a timber between the cars for switching purposes, and to get between them and hold it in place while the switching was being done; that the timber was one of the cast-off and discarded cross-arms upon which electric, telephone and telegraph wires are usually supported, and was unsound and insufficient in strength, and an improper and unsafe tool for the work thus ordered to be done; that when complying with the foreman's directions the timber broke; that the cars collided; and that Bradford was injured in the manner stated. The specific acts of negligence are charged in these words: "The said death of Bradford was caused by the negligence and carelessness of said defendant in providing him, the plaintiff, with unsafe, unsound, weak and an improper timber to be used as aforesaid, and ordering and directing him to use the same as aforesaid." The answer was a general denial. For the reason the trial court was of opinion that plaintiff "failed by her proof to show any negligence on the part of the defendant which entitled her to a verdict," there was a peremptory instruction against her. From a dismissal of her action, she has appealed.

Plaintiff takes the position that defendant was guilty of two negligent acts: (1) In ordering Bradford to use an unsafe and unsuitable cross-arm, the foreman violated the law requiring a master to furnish his servants with reasonably safe appliances for the work in hand; (2) in calling the servant from safe employment and in ordering him into a dangerous place, in which he was without experience or knowledge, where he was required to act without time for reflection, defendant violated the rule that the master may be chargeable with negligence for giving such a command, though the servant may not be negligent in obeying it, the danger not being so obvious that a prudent man, under the circumstances, would disobey his employer. Among the cases cited to sustain the position thus taken is *Alabama Steel & Wire Co. v. Tallant,* 165 Ala. 521. It is contended that the questions of negligence were for the jury.

For proof of the facts constituting the alleged negligence, plaintiff relies on two witnesses. One was the plaintiff herself, who said she witnessed the accident from her porch. In several particulars her testimony is contradictory. The other witness was an employee of defendant, by the name of Sam Musca, who required the assistance of an interpreter. His testimony is somewhat confusing and not entirely consistent. Defendant, with a motor car, was engaged in switching a freight car on its track around a curve. On account of the curve, ordinary couplings could not be used, and a number of wooden cross-arms had been provided for switching purposes. Bradford was watching the trolley rope, or attending to other duties incident to switching. He picked up one of the cross-arms, placed it lengthwise between the motor and the freight car and stepped away. For some reason, it was not kept in place by impact, and it fell. Bradford went back between the cars, picked it up, and reset it. When the motor closed on it, he attempted to hold it in place, but it slipped at one end, and he was crushed between the cars. Plaintiff testified that the cross-arm was

Kelley v. Omaha & C. B. Street R. Co.

allowed to remain for two or three days near the place of the accident, that she saw it afterward, and that she thought it was broken in the middle. Plaintiff's other witness, who saw what occurred, stated, however, that a sliver had been split off one end of the cross-arm by the impact and that the body of the timber had not been broken. This fact was fairly established by plaintiff, though she said she thought the stick was broken when she saw it after the accident. The evidence fails to show that the cross-arm was unsound or unfit for the work in hand, or that it would not have answered the purpose for which it was used, had it been properly adjusted. The evidence as a whole, which has all been read as given by the witnesses, does not seem to show that the trial court erred on this issue in directing a verdict for defendant.

Was a negligent order of the foreman the proximate cause of the injury? Plaintiff testified in substance that she heard the foreman ordering Bradford to get a cross-arm, to go between the cars, and to put it in place. On the contrary, plaintiff's witness Musca stated positively that the order was given to him, and not to Bradford; that Bradford voluntarily got the cross-arm and attempted to use it; that after he had adjusted it the second time he was peremptorily ordered by both the foreman and the motorman "to get out of there," but that, instead of obeying, he attempted to hold the timber in place. The evidence that these orders "to get out of there" were given to Bradford is uncontradicted. If plaintiff is correct in her propositions of law therefore, evidence of defendant's actionable negligence seems to be wanting. The conclusion is that error does not affirmatively appear in the peremptory instruction in favor of defendant.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.