# Sloss-Sheffield Steel & Iron Co. *v.* Dobbs.

*Injury to Servant.*

(Decided April 16, 1914.   Rehearing denied May 21, 1914.
65 South. 360.)

1. *Master and Servant; Injury to Servant; Defects in Ways, Etc.; Complaint.*—A complaint alleging that the servant was injured by a cable striking him while he was at work for his employer, a mine operator, and that the injury was caused by reason of a defect * * * in that the cable was not sufficiently and properly held in place by means of a wheel, * * * states a good cause of action as against the demurrers interposed.

2. *Same; Jury Question.*—Under the evidence in this case it is a question for the jury whether the cable insufficiently and improperly held in place, was a defect in the ways, works, etc., within the purview of subdivision 1, section 3910, Code 1907.

3. *Same; Negligent Orders; Complaint.*—A complaint which alleges a negligent order by some person in the service of the employer to whose orders and directions plaintiff, at the time of the injury complained of, was bound to conform and did conform, and that his injury resulted in consequence of his having conformed, etc., states a good cause of action under subdivision, section 3910, Code 1907, as against the demurrer interposed.

4. *Same; Liability of the Master.*—Where the general superintendent in charge of a mine and its operation, knew of the particular

[Sloss-Sheffield Steel & Iron Co. v. Dobbs.]

defect which caused the injury to an employee, and knew of the defect for some days prior to the accident, the employer was liable for the negligence of the superintendent in failing to remedy the a strap.

5. *Pleading; Alternative Averment.*—Where each alternative averment is good, a complaint is not rendered demurrable because it contains alternative averments; this rule rendering count B good as against the demurrer interposed.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Sam Dobbs, by next friend, against the Sloss-Sheffield Steel & Iron Company, for personal injuries. From a judgment for plaintiff, defendant appeals. Affirmed.

The pleadings sufficiently appear from the opinion, except count C, which alleges the negligent order as follows:

Of some person in the service or employment of defendant, whose name is to defendant unknown, to whose orders and directions plaintiff at the time of his injury was bound to conform and did conform, and his injuries resulted in his having so conformed in this: He negligently ordered plaintiff to work in close and dangerous proximity to said cable or iron rope, and because thereof plaintiff was struck and injured as aforesaid.

The following is charge 4 refused to defendant:

The court charges the jury that, if you believe the evidence in this case, you cannot find for plaintiff on account of the negligence of defendant's servant Long.

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The court erred in overruling demurrers to count A.—*Woodward I. Co. v. Johnson,* 43 South. 186; *Huych v. McNerny,* 50 South. 927. Count B was subject to the demurrers interposed, as such count contained alternative averments. The court erred in overruling demurrers to count C.—*Rep. I. & S. Co.*

*v. Brown,* 58 South. 761; *Decatur Co. v. Mehaffey,* 29 South. 647. Counsel discuss the charges given and re-fused, and cite authority in support of their conten-tion.

BONDURANT & SMITH, for appellee. Count A was suf-ficient.—*Grasselli Co. v. Davis,* 166 Ala. 473; *Warrior P. Co. v. Shereda,* 62 South. 722; *Caldwell F. Co. v. Watson,* 62 South. 862; *Going v. Ala. S. & I. Co.,* 141 Ala. 537; *Sloss-Sheffield Co. v. Triplett,* 58 South. 109. Where each alternative is good, the count is not render-ed demurrable because it contains alternative aver-ments. The court therefore properly overruled demur-rers to count B.—*B'ham R. M. Co. v. Meyer,* 150 Ala. 347; *Tutwiler Co. v. Farrington,* 144 Ala. 159; *Sloss Co. v. Tillson,* 141 Ala. 155. The other counts were suffi-cient under the authority of *Reiter-C. Mfg. Co. v. Hanlon,* 144 Ala. 213; *Creola L. Co. v. Mills,* 149 Ala. 474; *Sloss Co. v. Green,* 159 Ala. 178.

SAYRE, J.—Action by appellee, under the Employ-ers' Liability Law, for personal injury received while in the employment of appellant.

The trial court's separate rulings in holding counts A, B, and C of the complaint good against demurrer are assigned for error. Counts A and B, after setting out in a common statement the relation of the parties, that plaintiff was injured by a cable or iron rope striking him while at work for defendant at Bessie, where de-fendant operated a mine, and that his injury was caused by reason of a defect in the condition of the defendant's ways, works, machinery, or plant, particularize the lack of proper condition as follows: Count A: "Said cable was not sufficiently and properly held in place." Count B: "Said cable was insufficiently and improperly held

in place in that it was not held in place by means of a wheel, or roller, or iron brace."

The statute (section 3910 of the Code) holds the master or employer liable to answer in damages to his servant or employee in certain conditions: "When the injury is caused by reason of any defect in the condition of the ways, works, machinery, or plant connected with, or used in the business of, the master or employer."

Appellants seems to deal with these counts as designed to charge a defect in the condition, structure, or fitness of the cable, without regard to its use in connection with correlated parts of defendant's ways, works, machinery, or plant, and yet failing to show that the cable in and of itself was defective. If a proper arrangement of the cable for use with reasonable safety required that there should be some device for holding it in place, then the absence or inefficiency of such device would constitute a defect, within the meaning of the statute. The name or description of the device is not alleged in count A, but its proper use and its absence or inefficiency for its purpose is shown; and without approving the count in every respect, for it probably needed amendment in one respect, we think it stated a cause of action and was proof against the grounds of demurrer assigned. .

Appellant urges upon us the decision in *Woodward Iron Co. v. Johnson,* 150 Ala. 365, 43 South. 186. The court's criticism of the complaint in that case was sound, though technical. It proceeded upon the idea that the language used was to be taken and accepted at exactly its face value. The language was that "said defect consisted in using a timber buggy, without, etc."; and the court held the complaint to aver a negligent user rather than neglect in furnishing a defective timber buggy. It seems clear on this statement that a like criticism

cannot be visited upon the complaint here under consideration.

Appellant also relies upon *Huyck v. McNerney,* 163 Ala. 244, 50 South. 926. The ruling there was that a complaint under the statute, which averred that the ends of the ladder upon which defendant [plaintiff] was descending were round at the bottom, and thereby rendered said ladder "liable to slip and fall," and said ladder "was not braced to prevent it from slipping and falling," did not show a defect per se in the ladder, and should have averred, besides the surrounding conditions, the angle at which the ladder stood, and the character of the rest. To support this conclusion the court resorted to its common knowledge of a common appliance. In the case before us our common knowledge does not help us to a like conclusion. Following here the analogy of *Birmingham Traction Co. v. Reville,* 136 Ala. 335, 34 South. 981, we read these counts to aver that a cable, not sufficiently and properly held in place, was a defect in the ways, works, machinery, or plant of defendant, and hold that, on the case thus presented, it is not for the court to determine, as matter of law, whether a cable insufficiently and improperly held in place constituted a defect in defendant's ways, works, machinery, or plant. That was a question for the jury.

It has never been supposed that alternative averments of the sort found in count B rendered the count bad; each alternative being good. The demurrer to this count was properly overruled.

Count C of the complaint is framed under subdivision 3 of the act.—Code, § 3910. It counts upon a negligent order to which plaintiff was bound to conform and did conform. Under the liberal rule of our cases, this count must be held good.—*Reiter-Connolly Mfg. Co. v. Hamlin,* 144 Ala. 192, 40 South. 280. Appellant insists upon

*Decatur Car Wheel Co. v. Mehaffey,* 128 Ala. 242, 29 South. 646. The same authority was urged to the same proposition in the *Reiter-Connolly Case,* and reason enough why it should not control the case in hand was there stated. See, also, *Creola Lumber Co. v. Mills,* 149 Ala. 480, 42 South. 1019, and cases there cited.

Charge 5 refused to defendant was covered by charges given at its request and stating, some of them, the proposition of this charge in a form even more favorable to defendant than it was entitled to have.

We think it very clear, under the evidence, that defendant was not entitled to charge 4. Long was defendant's general superintendent in charge of the mine and the operations there carried on. There was evidence tending to show that, for some days previous to plaintiff's injury, he had knowledge of the particular defect which caused that injury. Such being the case, plaintiff might have recovered on any one of the counts submitted to the jury, whether they specifically charged negligence to Long or not. Defendant was responsible for his negligence in the premises.

We find no error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFEN-RIED, JJ., concur.