# Dwight Manufacturing Co. *v.* Holmes.

### Personal Injury Action.

(Decided December 21, 1916. Rehearing denied January 18, 1917. 73 South. 933.)

1. **Negligence; Pleading.**—Where a complaint for negligence discloses a relation between the parties out of which arises a duty or duties from the defendant to the plaintiff and it is alleged that the defendant negligently failed to do and perform the act imposed by that duty, a cause of action is stated, a general form of averment being sufficient under our system of pleading.

2. **Master and Servant; Injury to Servant; Complaint.**—A count alleging that the defendant "negligently ordered or directed" plaintiff coupled with the other necessary averment, stated a good cause of action under subdivision 3, § 3910, Code 1907.

3. **Negligence; Pleading.**—A complaint averring negligence in general terms and then attempting to set out the particular acts constituting the negligence is demurrable unless the acts specified constitute negligence as a matter of law.

4. **Pleading; Contribuory Negligence.**—A plea of contributory negligence must aver the facts constituting the negligence which must be such that the

[Dwight Manufacturing Co. v. Holmes.]

conclusion of negligence follows as a matter of law, it not being sufficient that it merely states the conclusion.

5. **Master and Servant; Injury to Servant; Jury Question.**—Where the pleas as an answer to the first count averred the facts and that the danger was open and obvious, the question whether the danger was open and obvious to the plaintiff while doing the act averred was a question for the jury.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Samantha Holmes against the Dwight Manufacturing Company for personal injuries. Judgment for the plaintiff and the defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under Acts 1911, p. 450.

DORTCH, MARTIN & ALLEN, for appellant. W. J. BOYKIN, for appellee.

THOMAS, J.—This suit is to recover damages for personal injuries. The trial was had on counts 1 and B, respectively, under the first and third subdivisions of the Employers' Liability Act (Code, § 3910).

(1) When a complaint for negligence shows a relation between the parties out of which arises a duty owing from the defendant to the plaintiff, and it is averred that the defendant negligently failed to do and perform the act imposed by that duty, a sufficient cause of action is stated. What the defendant did, and how he did it, or what he failed or omitted to do, is generally better known to the defendant than to the plaintiff; hence a general form of averment has been held sufficient. It is not necessary to define the quo modo.—*T. C., I. & R. Co. v. Moore,* 194 Ala. 134, 69 South. 540; *Leach v. Bush,* 57 Ala. 145; *Ensley Railway Co. v. Chewning,* 93 Ala. 24, 9 South. 199, 10 South. 145; *L. & N. R. R. Co. v. Jones,* 130 Ala. 456, 30 South. 586; *Southern Car & Foundry Co. v. Bartlett,* 137 Ala. 234, 34 South. 20; *Reiter-Connolly Co. v. Hamlin,* 144 Ala. 193, 40 South. 280; *Creola Lumber Co. v. Mills,* 149 Ala. 474, 42 South. 1019; *Ala. S. & W. Co. v. Tallant,* 165 Ala. 521, 51 South. 835; *Republic I. & S. Co. v. Williams,* 168 Ala. 612, 53 South. 76; *L. & N. R. R. Co. v. Barganier,* 168 Ala. 567, 53 South. 138; *Little Cahaba Coal Co. v. Gilbert,* 178 Ala. 515, 59 South. 445; *Woodward Iron Co. v. Marbut,* 183 Ala. 310, 62 South. 804; *Sloss-Sheffield S. & I. Co. v.*

*Dobbs,* 187 Ala. 452, 65 South. 360; *Sloss-Sheffield Co. v. Terry,* 191 Ala. 476, 481, 67 South. 678.

In *Armstrong v. Montgomery Street Railway,* 123 Ala. 233, 26 South. 349, a suit by a passenger, it was held that the averment that the defendant negligently conducted the business of carrying passengers, and by reason of such negligence such injuries resulted, sufficiently stated a cause of action.—*B. R., L. & P. Co. v. Weathers,* 164 Ala. 23, 51 South. 303; *T. C., I. & R. R. Co. v. Smith,* 171 Ala. 258, 55 South. 170.

Appellant's counsel cite in support of the demurrer to count 1, *Woodward Iron Co. v. Wade,* 192 Ala. 657, 68 South. 1008; *T. C., I. & R. R. Co. v. Smith,* 171 Ala. 255, 55 South. 170; *Ala. C. C. & I. Co. v. Hammond,* 156 Ala. 253, 47 South. 248. An examination of these cases will show that they are not in conflict with the authorities above cited. In the *Wade Case* the complaint, in form the same as count B in the instant case, was treated as sufficient; only the plaintiff's burden of proof under the averment of such count was discussed and defined. In the *Smith Case* the counts considered and held sufficient were under the first subdivision of the act, and in *Sloss-Sheffield S. & I. Co. v. Terry, supra,* the court (declaring such count sufficient) said of the *Smith Case:* "Neither the decision nor the opinion in *T. C., I. & R. R. Co. v. Smith,* 171 Ala. 251 [55 South. 170], qualify the ruling and doctrine of the long line of decisions noted above."

So, in *Sloss-Sheffield S. & I. Co. v. Capps,* 182 Ala. 651, 654, 62 South. 66, 67, the *Smith Case* was again distinguished by Mr. Justice MAYFIELD, as follows: "The case is readily distinguishable from that of *T. C., I. & R. R. Co. v. Smith,* 171 Ala. 251, 55 South. 170. There the only defect attempted to be alleged was 'the condition of the mine entry.' The count in that case afforded very little, if any, information as to any particular defect. The defendant was not informed of what it was to defend against. There were shown to exist in that case several entries, and, as an entry is a mere opening or way into the mine, it was impracticable, if not impossible, to learn what defect, if any, the count referred to."

The *Hammond Case* is discussed by Mr. Justice SAYRE in *Republic Iron & Steel Co. v. Williams, supra,* where it is said: "We recur now to *Alabama Company v. Hammond, supra.* The second count in that case, the first considered by the court, proceeded upon alternative hypotheses. One was that the danger

of the situation into which plaintiff's intestate was ordered to go was known to Varnon, to whom was committed the authority to order or direct. The other was that Varnon, by the exercise of due diligence, should have known the danger. The entire drift of the opinion goes to show that the learned Chief Justice, who spoke for the court in that case, had in mind the count as affected by the second alternative when he pronounced it bad. It was competent for the plaintiff to aver that Varnon knew of the danger, although that had been already averred in the general conclusion that he negligently directed, etc.; but when plaintiff averred that Varnon ought to have known, the averment imposed upon the latter, if he had only authority to give orders, a duty to know which under the law did not arise out of his authority to give orders, so that under the count the plaintiff might have recovered as for the negligence of Varnon without showing his actual knowledge of the danger. But it was necessary to prove that Varnon knew. And the conclusion, as we read it, was that the count was defective in the second alternative aspect, and in that there is nothing at outs with the line of argument we have followed."

(2) Count B was free from demurrer challenging its sufficiency. The words "negligently ordered or directed," when coupled with the other necessary averments contained in count B, make the count state a good cause of action under subdivision 3 of the Employers' Liability Act.—*B. R., L. & P. Co. v. Weathers, supra; Ala. S. & W. Co. v. Tallant, supra; B. R., L. & P. Co. v. Adams,* 146 Ala. 267, 40 South. 385, 119 Am. St. Rep. 27; *Sloss-Sheffield S. & I. Co. v. Dobbs, supra.*

(3) It is a familiar rule that a complaint which avers negligence in general terms and then attempts to set out the particular acts constituting negligence is demurrable, unless the acts so specified, in themselves, constitute negligence as a matter of law. —*Johnson v. B. R., L. & P. Co.,* 149 Ala. 529, 43 South. 33; *B. R., L. & P. Co. v. Barrett,* 179 Ala. 279, 60 South. 262; *Knight v. T. V. R. R. Co.,* 190 Ala. 140, 67 South. 238; *B. R., L & P. Co. v. Wilcox,* 181 Ala. 512, 61 South. 908; *Republic Iron & Steel Co. v. Wiliams, supra; B. R., L. & P. Co. v. Bennett,* 144 Ala. 372, 39 South. 565.

(4) It is likewise established by a long line of decisions in this state that a plea of contributory negligence is not sufficient if it merely states a conclusion of law, but must aver the facts

[Dwight Manufacturing Co. v. Holmes.]

constituting the negligence, and that the facts so averred must be such as that the conclusion of negligence follows as a matter of law.—*Evans v. Ala.-Ga. Syrup Co.*, 175 Ala. 85, 56 South. 529; *Creola Lumber Co. v. Mills, supra; Osborne, Adm'r, v. Steel & Wire Co.*, 135 Ala. 571, 575, 33 South. 687; *Southern Cotton Oil Co. v. Walker*, 164 Ala. 33, 49, 51 South. 169; *T. C., I. & R. R. Co. v. Herndon, Adm'r*, 100 Ala. 451, 14 South. 287; *Johnson v. L. & N. R. R. Co.*, 104 Ala. 241, 16 South. 75, 53 Am. St. Rep. 39; *Railway Co. v. Shelton, Adm'r*, 136 Ala. 191, 34 South. 194; *Western Railway of Ala. v. Russell, Adm'r*, 144 Ala. 153, 39 South. 311, 113 Am. St. Rep. 24; *New Connellsville C. & C. Co. v. Kilgore*, 162 Ala. 642, 50 South. 205; *L. & N. R. R. Co. v. Barganier*, 168 Ala. 576, 53 South. 138; *L. & N. R. R. Co. v. Markee, Adm'r*, 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; *Jordan v. Ala. C., G. & A. Ry. Co.*, 179 Ala. 291, 60 South. 309; *Grasselli Chem. Co. v. Davis*, 166 Ala. 471, 52 South. 52; *A. G. S. R. R. Co. v. Roach*, 110 Ala. 266, 20 South. 132; *West v. Thomas*, 97 Ala. 622, 11 South. 768; *L. & N. R. R. Co. v. Calvert*, 170 Ala. 656, 54 South. 184; *B. R., L. & P. Co. v. Saxon*, 179 Ala. 136, 59 South. 584; *Illinois Central Co. v. Lowery*, 184 Ala. 443, 63 South. 952, 49 L. R. A. (N. S.) 1149: "The judge has to say whether any facts have been [averred and] established by evidence from which negligence may be reasonably inferred; the jurors have to say whether, from these facts, when submitted to them, negligence ought to be inferred."—Pollock on Torts, 365; *Evans v. Ala.-Ga. Syrup Co., supra.*

(5) Pleas 6, 7, 8, and 9 to count 1 averred the facts, and that the danger was open and obvious. Thus the question of whether the danger was open and obvious to plaintiff while doing the act averred was for the determination of the jury.—*Ala. Steel & Wire Co. v. Tallant*, 165 Ala. 521, 51 South. 835; *Southern Railway Co. v. Shields*, 121 Ala. 460, 25 South. 811, 77 Am. St. Rep. 66.

No error was committed in the examination of witness Stansell by the plaintiff.—*Roberts & Son v. Williams, et al., infra*, 73 South. 502; *Phoenix Ins. Co. v. Copeland*, 86 Ala. 557, 6 South. 143, 4 L. R. A. 848.

Of the affirmative charge as to the several counts requested by the defendant it is only necessary to say that the evidence has been carefully considered, and that the charges were properly refused. The question of liability vel non under each count was

for the jury.—*Amerson v. Corona Coal & Coke Co.,* 194 Ala. 175, 69 South. 601; *Shipp v. Shelton,* 193 Ala. 207, 69 South. 102; *Tobler v. Pioneer, etc., Co.,* 166 Ala. 482, 517, 52 South. 86.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.